## Norfolk

WALTER C. WILLIAMS

v.

VIRGINIA ELECTRIC & POWER COMPANY

No. 0113-93-1

Decided June 28, 1994

COUNSEL

Karen M. Rye, for appellant.

Andrew Edelstein, for appellee.

OPINION

**BAKER, J.**—Walter C. Williams (claimant) appeals a decision of the Virginia Workers' Compensation Commission (commission) that terminated his temporary total benefits based upon an "on the record" hearing decision that he was able to return to his pre-injury employment. Claimant contends that (1) the commission is subject to the Virginia Administrative Process Act (VAPA) and must comply with the statutory scheme for rule promulgation, and

(2) the commission's "on the record" hearing violated his right to due process of law. Finding no error, we affirm the commission's decision. However, we do not decide here whether the commission may shorten the rule-making procedures in any case. We decide only that, in this case, the claimant was not denied due process by the procedure followed.

■ Upon familiar principles, on appellate review, we will construe the evidence in the light most favorable to employer, the party prevailing below. *R.G. Moore Bldg. Corp. v. Mullins*, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). On September 7, 1990, in the course of his employment with Virginia Electric & Power Company (employer), claimant suffered a compensable injury to his left knee. Claimant subsequently sought medical treatment from Dr. Ira M. Cantin, an orthopaedic surgeon who is recognized as claimant's treating physician. Claimant was granted an award based upon a Memorandum of Agreement which ordered payment of temporary total disability benefits for work incapacity beginning June 11, 1991. On February 5, 1992, claimant was seen by Dr. Cantin, and the doctor's letter to employer reported:

> Again, the patient complains of some pain in the left knee, however, examination of the knee is *entirely normal*. There is a normal range of motion, no effusion, no instability and no quadriceps atrophy as compared to the opposite side.

> All of his complaints are subjective and from the objective standpoint the examination is essentially normal. I therefore have no reason to believe that this patient cannot return to his regular occupation or for that matter return to any type of occupation he desires. Based on the lack of any objective findings there should be no restrictions on his activities.

(Emphasis added.) On February 21, 1992, employer filed an Employer's Notice of Application for Hearing with the commission to terminate claimant's temporary total benefits. The "change" relied upon by employer was Dr. Cantin's February 5, 1992 report which returned claimant to his pre-injury employment.

By letter of March 19, 1992, Deputy Commissioner Elizabeth J. Phillips advised both parties that she had received employer's Notice of Application for Hearing requesting that claimant's ben-

efits be terminated. Her letter stated that, "[a]fter reviewing this file, we have selected this case for an on the record hearing to insure a swift decision" and advised that "[i]f you believe a trial-type evidentiary hearing is necessary, you must notify me in writing within 7 days of the date of this letter, setting forth the reasons why this case cannot be decided on the record." Finally, positional statements were to be submitted, along with documentary evidence by April 15, 1992, and rebuttal evidence was to be submitted by April 20, 1992. After that date, the record would close, and the commission would make a decision.

On April 15, 1992, both claimant and employer filed positional statements with the commission. Claimant's statement lodged an objection to his case being decided without an evidentiary hearing and asked to depose the treating physician "based on the inconsistent position adopted by the physician and in light of other physician [sic] who opine surgery is necessary and has placed claimant into a leg brace."[1] Attached to claimant's statement was Dr. Richard T. Holden's medical report, dated March 24, 1992. This doctor's report was the only evidence submitted by claimant. The report merely states as follows: "Patient is retired. Dr. Holden says he does not need this." The diagnosis section states as follows: "Chondromalacia Left Patella."[2] The report also states that claimant will not have another appointment for two months.

However, employer contended that claimant was estopped from objecting to the "on the record" hearing because such objection should have been made by March 26, 1992, within seven days of the deputy's directive. Employer attached Dr. Cantin's February 5, 1992 letter and a Job Requirements Summary giving claimant's job description at the time of his injury. Employer also contended that Dr. Cantin "is in the best position to accurately assess the claimant's work capabilities" because he has been the only treating physician following claimant's knee injury of September 7, 1990.

---

[1] Claimant's appellate brief does not mention this language; there is no physician's report in the record that confirms possible surgery or a leg brace, and claimant's attorney never mentioned such facts during oral argument before this Court.

[2] *Dorland's Illustrated Medical Dictionary* 262 (26th ed. 1985) defines "chondromalacia" as "softening of the articular cartilage, most frequently in the patella."

By letter of April 24, 1992, the deputy commissioner denied claimant's request for an evidentiary hearing as "untimely" and concluded that "the issues in this case are medical ones which may be fairly resolved on the basis of the record itself, the expert testimony contained therein, and submission by the parties." Moreover, the deputy commissioner overruled employer's objection and gave claimant permission to depose Dr. Cantin, claimant's treating physician. Finally, the closing of the record was extended until June 10, 1992.

On June 19, 1992, based upon a factual finding that Dr. Cantin had returned claimant to his pre-injury employment, the deputy commissioner found that claimant's temporary total benefits should be terminated. Claimant then filed an Employee's Request for Review, dated July 9, 1992, challenging the opinion and the procedure by which the case was selected for an "on the record" hearing. On December 15, 1992, the full commission affirmed the deputy commissioner's decision in favor of employer and summarily dismissed claimant's contention that his due process rights were violated by the manner in which his claim was adjudicated.

## I. Virginia Administrative Process Act

■ The Virginia Administrative Process Act (VAPA) "supplement[s] . . . laws conferring authority on agencies either to make regulations or to decide cases." Code § 9-6.14:3. As used in the VAPA, " '[a]gency' means any authority, instrumentality, officer, board or other unit of the state government empowered by the basic laws to make regulations or decide cases." Code § 9-6.14:4. However, the commission is exempt from the VAPA regulations concerning rule promulgation when it acts in a quasi-judicial function. Code § 9-6.14:4.1(D)(2) provides that "[t]he award or denial of claims for workers' compensation" is an agency action which is exempt from the operation of the VAPA.[3]

In this case, employer's application based upon a change in condition asked the commission to determine whether claimant was entitled to receive continuing temporary total disability benefits. Code § 65.2-703(B), which states that the commission's rules governing discovery shall be adopted pursuant to the Administra-

---

[3] In *Ledet v. Labor Pro, Inc.*, 69 O.I.C. 49 (1990), citing Code § 9-6.14:4.1.D(2), the commission held that "[c]ommission procedures concerning worker's compensation claims are not subject to the Administrative Process Act."

tive Process Act, is not applicable. The commission did not create any new rule, but merely implemented an expedited procedure to determine the continuing award or denial of claimant's benefits. For this determination, the commission was acting in a quasi-judicial function and, therefore, was not subject to the VAPA.

Code § 65.2-201(A) provides:

It shall be the duty of the Commission to administer this title and adjudicate issues and controversies relating thereto. The Commission shall make rules and regulations for carrying out the provisions of this title.

Code § 65.2-708 states that "upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded." Claimant's case is governed by Code § 65.2-708 because employer filed an application based upon a change in claimant's condition. This statute does not require a full hearing, nor does it state that the commission's review is subject to the VAPA.

Furthermore, Rule 1 of the Industrial Commission[4] sets forth the procedures to be followed at a hearing. However, Rule 1 does not specifically require a full evidentiary hearing in each case that comes before the commission, nor does it prohibit an "on the record" hearing. Therefore, we agree with the commission's decision to utilize an "on the record" hearing in this case because the commission is not subject to the VAPA and its procedure complied with its own rules.

---

[4] Rule 1 provides, in pertinent part:

**Rule 1.** A. *Hearing.* An evidentiary hearing by the Commission shall be conducted as a judicial proceeding in that all witnesses shall testify under oath, and a record of the proceedings shall be made. The Commission is not bound by statutory or common law rules of pleading or evidence, nor by technical rules of practice, but will conduct such hearings and make such investigations into the questions at issue in such manner as in its judgment are held adapted to ascertain and determine expeditiously and accurately the substantial rights of the parties and to carry out the spirit of the Workers' Compensation Act. . . .

\* \* \* \* \* \* \*

The party having the burden of proof shall have the right to open and close, and each party shall be allowed twenty (20) minutes in which to present evidence unless other prior arrangement is made through the Commission.

## II. The "On The Record" Hearing

Claimant further contends that the commission erred when it granted employer's change in condition application, in which employer alleged that claimant was able to return to his regular employment on February 5, 1992. Claimant asserts that the commission's utilization of its "on the record" hearing procedure to decide this case violated his right to due process of law.

■ This case arises pursuant to Code § 65.2-708, not Code § 65.2-704, as is asserted in claimant's brief. The Supreme Court has held that "after the Commission has made its award and it has become final the procedure for review of disputes which may arise in connection with the award must be under [Code § 65.2-708]." *Manchester Board & Paper Co. v. Parker*, 201 Va. 328, 330, 111 S.E.2d 453, 455 (1959). Code § 65.2-708 provides, in pertinent part:

§ **65.2-708. Review of award on change in condition.** — A. Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title, and shall immediately send to the parties a copy of the award. No application filed by a party alleging a change in condition shall be docketed for hearing by the Commission unless any medical reports upon which the party is relying are submitted to the Commission. No such review shall affect such award as regards any moneys paid except pursuant to §§ 65.2-712, 65.2-1105, and 65.2-1205.

Code § 65.2-704 was applicable to claimant's case prior to his acceptance of the award order based upon a Memorandum of Agreement with employer. Because an award has been made in this case and employer subsequently filed a change in condition application, Code § 65.2-704 is no longer appropriate.

■ We find that Code § 65.2-708 empowers the commission with the discretionary authority to review a change in condition application and alter the initial award. Code § 65.2-708 does not require that the commission hear the parties or their witnesses, nor does it require public proceedings or a full evidentiary hear-

ing. Moreover, the commission's utilization of the "on the record" hearing procedure to "review an award," without the time and cost of an evidentiary hearing, is not prohibited by Code § 65.2-708.

## III.  Due Process

█ In light of the evidence and facts before us, we find that the commission's utilization of the "on the record" hearing procedure satisfied the requirements of due process and adequately protected claimant's substantial rights.

> While some degree of formality or the use of standardized uniform procedures and forms may be more conducive to an orderly and expeditious process, rigid or technical rules of pleading, evidence, or practice in the conduct of hearings shall *not* apply so long as the procedures adopted protect the substantial rights of the parties.

*Sergio's Pizza v. Soncini*, 1 Va. App. 370, 376, 339 S.E.2d 204, 207 (1986) (emphasis added) (citing Rule 1 of the Industrial Commission of Virginia). However, the procedure utilized by the commission on employer's application for review on change of condition and in this case, the "on the record" hearing, "must afford the parties minimal due process safeguards." *Id.*

█ "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). In *Goldberg v. Kelly*, 397 U.S. 254 (1970), the United States Supreme Court restated the Court's earlier declaration that the "fundamental requisite of due process of law is the opportunity to be heard."[5] *Id.* at 267. "Procedural due process has been said to require that before an individual is deprived of any significant property interest he be granted

---

[5] In addition, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Here, the parties were afforded a specific and reasonable period of time to note any objections to the evidence filed and to notify the deputy commissioner of the reasons why this case could not be decided on the record. Claimant did not make a timely objection to the "on the record" hearing, but we need not address that issue in this opinion.

an opportunity, at a meaningful time in a meaningful manner, for a hearing appropriate to the nature of his case." *James v. Arlington Bd. of Supervisors*, 226 Va. 284, 289-90, 307 S.E.2d 900, 903 (1983).

This is not a case that required an evidentiary hearing because there is no conflict or dispute in the claimant's medical evidence. Based upon the specific facts before us and because employer's change in condition application raised a purely medical issue, we find that the "on the record" hearing offered claimant an adequate opportunity to be heard.

On February 5, 1992, the treating physician, Dr. Cantin, stated that claimant's knee examination was "entirely normal" and he was capable of returning, not only to his pre-injury employment, but any other type of occupation. Dr. Cantin signed a job requirements summary indicating that claimant was capable of performing the duties of his regular employment with employer. Claimant did not see any other physician following his compensable, work-related injury of September 7, 1990 until March 24, 1992, and this occurred shortly after employer's February 21, 1992 application for review based upon a change in condition. Claimant saw Dr. Holden, and his report is the only evidence submitted by claimant to refute employer's medically based assertion that claimant was able to return to work. However, Dr. Holden's report did *not* raise a conflict in the medical evidence, nor did it find that claimant was unable to return to work.

Moreover, despite claimant's contention in his April 15, 1992 statement to the deputy commissioner, that more than one physician had recommended surgery and another physician placed claimant in a leg brace, we find no evidence of such a medical diagnosis in the record. As stated in Commissioner O'Neill's opinion, claimant's deposition of Dr. Cantin did not reveal any conflicting medical testimony:

Upon deposition on May 27, 1992, Dr. Cantin stated the same opinion as reported above from his letter of February 5, 1992: [Claimant] was considered to be able to return to his pre-injury employment or to any other employment of his choosing. Dr. Cantin also stated that [claimant's] current chondromalacia of his knee is due to wear and tear . . . normal use and that when he last saw [claimant] on February 5,

1992, 'I did not feel there was any further treatment necessary.'

Furthermore, the commission did not make a decision until December 15, 1992, and claimant failed to supplement this record with updated reports from Dr. Holden or any other physician. Claimant's case involved a sole medical question of whether he was physically able to return to his pre-injury employment, and Dr. Holden's report failed to raise any conflict in the medical evidence. Employer's evidence, based upon Dr. Cantin's medical reports, is dispositive of the medical issue.

We find no "genuine controversy" in this case, and there is no indication that an evidentiary hearing would have produced any additional medical evidence to refute employer's assertion that claimant was able to return to his pre-injury employment. Claimant has not submitted any medical evidence to challenge Dr. Cantin's opinion, the only treating physician after the injury. Dr. Cantin concluded, based upon a current examination, that claimant had the physical ability to resume his employment with employer.

■ The "on the record" hearing procedure meets constitutional due process requirements, and due process is satisfied in this case by the opportunity to submit written evidence and argument. *See Pan American Petroleum Corp. v. Federal Power Comm'n*, 322 F.2d 999, 1004-05 (D.C. Cir. 1963).

We also reject claimant's argument that the "on the record" hearing procedure prevented him from presenting a "proper defense" before the commission. The utilization of the "on the record" procedure allowed both claimant and employer to submit evidence, engage in discovery, submit briefs, and file reply briefs. Over employer's procedural objections, the deputy commissioner extended the time period for the closing of the record and permitted claimant to take Dr. Cantin's deposition, thereby affording claimant the opportunity to cross-examine employer's only expert witness. In fact, claimant could have presented additional evidence through medical reports or depositions of other physicians, but failed to do so.

We find no error in the commission's procedure, nor in its final determination, because the "on the record" hearing satisfied due

process requirements and the record contains no conflicting medical evidence regarding claimant's work capacity to preclude the termination of compensation benefits. In light of the evidence before us, claimant received, "at a meaningful time [and] in a meaningful manner, . . . a hearing appropriate to the nature of his case." *James*, 226 Va. at 289-90, 307 S.E.2d at 903.

For the reasons stated, the decision of the commission is affirmed.

*Affirmed.*

Barrow, J., and Bray, J., concurred.