COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz, Willis and Senior Judge Hodges
Argued at Salem, Virginia


TIMOTHY K. DUNCAN

v.          Record No. 1320-94-3          OPINION BY
                                        JUDGE JERE M. H. WILLIS, JR.
ABF FREIGHT SYSTEM, INC.                    MAY 23, 1995

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Deborah W. Dobbins (Debra Fitzgerald-O'Connell;
            Gilmer, Sadler, Ingram, Sutherland & Hutton,
            on briefs), for appellant.

            Roger L. Williams (Roya Palmer; Williams &
            Pierce, on brief), for appellee.



        On appeal from a decision of the Virginia Workers'

Compensation Commission terminating his temporary total

disability benefits, Timothy K. Duncan contends (1) that no

credible evidence supports the commission's finding that he was

released to pre-injury work and that his continuing disability

was not causally related to his June 10, 1992 compensable injury,

(2) that the commission erred in failing to conduct an

evidentiary hearing, and (3) that the "on the record" hearing

conducted by the commission violated his right to due process of

law.  We find no error and affirm the commission's decision.

I.

        On appeal, we view the evidence in the light most favorable

to the party prevailing below.  Crisp v. Brown's Tysons Corner

Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

The findings of the commission, if based on credible evidence,

are conclusive and binding on this Court.  Morris v. Badger Powhatan/Figgie Int'l Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

On December 31, 1992, Duncan's treating physician, Dr. Korsh, released Duncan to return to his pre-injury work.  Dr. Korsh reiterated this release on April 20, 1993.  This credible evidence supports the commission's finding that Duncan was released to perform pre-injury work with regards to his compensable back injury.  "[W]hen an attending physician is positive in his diagnosis, great weight will be given by the courts to his opinion."  Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 399 S.E.2d 570, 572 (1986).

## II.

Duncan contends the commission's finding that his present condition is not causally related to his compensable industrial injury by accident is not supported by credible evidence.  He argues that Dr. Horney found that the pain in his lower back and right testicle resulted from his June 10, 1992 accident.

The evidence provided by the examining physicians established that Duncan suffered from testalgia, but none of the physicians found any physiological basis to relate that condition to his compensable back injury.  Duncan's claimed diagnosis by Dr. Horney was not part of the record before the commission.  The evidence in the record shows the following:  Dr. Morin, an orthopaedist, found that Duncan suffered from a lumbosacral

- 2 -

strain, but could not relate that condition to the testalgia. Dr. Korsh, a spinal surgeon, found that Duncan "has a very strange pain pattern not consistent with any normal neurological pattern."  His overall impression was "that the patient most likely has no pathology emanating from his lumbar spine."  Dr. Poffenberger, a urologist, diagnosed Duncan with bilateral testalgia, but stated it was more of a "musculoskeletal problem" than a urologic one.  Dr. Hormel, a neurologist stated, "I cannot relate it clearly to his lumbar spine although certainly some people who have lumbar stenosis can get testalgia . . . .  It is possible . . . that his medications are contributing to his testalgia . . . ."  Dr. Joiner, an orthopaedist, limited Duncan to restrictive work duties, but never related the testalgia to the compensable back injury.  Additionally, Duncan underwent a CT-scan, two MRI's, and a post-trauma myelogram, which showed no abnormality.  This credible evidence supports the commission's finding.

III.

Duncan contends that the deputy commissioner erred in denying an evidentiary hearing.  By letter of July 22, 1993, the deputy commissioner denied Duncan's request for an evidentiary hearing and concluded that "the single issue to be resolved in this matter is a medical issue, that matter can be resolved in the Dispute Resolution Department in an on-the-record hearing." Duncan argues that material issues remained in dispute.  However,

Duncan did not request the full commission to review the deputy commissioner's denial of an evidentiary hearing. Decisions of a deputy commissioner that are not reviewed by the full commission cannot be brought before this Court. Southwest Architectural Products v. Smith, 4 Va. App. 474, 478, 358 S.E.2d 745, 747 (1987).

IV.

Duncan contends that the deputy commissioner's "on the record" review of the case denied him due process. He argues that the "on the record" review did not afford him an adequate opportunity to be heard.

The deputy commissioner's utilization of the "on the record" hearing procedure satisfied the requirements of due process. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334 (1976). "[T]he fundamental requisite of due process of law is the opportunity to be heard." Goldberg v. Kelly, 397 U.S. 254, 267 (1970). An evidentiary hearing was not required in this case because no conflict or dispute existed in the claimant's medical evidence. See Williams v. Virginia Elec. & Power Co., 18 Va. App. 569, 577, 445 S.E.2d 693, 698 (1994). The issues to be decided were whether the claimant had been released to pre-injury employment with respect to the industrial injury by accident, and whether his present condition was causally related to his compensable injury. An evidentiary

hearing would have produced no additional medical evidence to refute Duncan's assertion that he had not been released to his pre-injury work and that his present condition was causally related to his industrial accident.  Because no genuine controversy existed, the "on the record" hearing procedure met the requirements of due process.

For the foregoing reasons, we affirm the decision of the commission.

Affirmed.
