COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

AVTEX FIBERS, INC.
AND
TRAVELERS INSURANCE COMPANY

v.   Record No. 0095-95-4               MEMORANDUM OPINION*
                                            PER CURIAM
JEFFREY A. COOK                           JUNE 27, 1995

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(William Orr Smith, on brief), for appellants.

(Jerry O. Talton, on brief), for appellee.


Avtex Fibers, Inc. and Traveler's Insurance Company
(hereinafter collectively referred to as "employer") contend that
the Workers' Compensation Commission erred in (1) considering
Jeffrey A. Cook's affidavit describing his pre-injury job duties
and the July 21, 1994 letter report of the treating physician,
Dr. John H. Zoller, in an "on-the-record" proceeding; and (2)
denying the employer's application on the basis that the employer
failed to prove that Cook was able to return to his pre-injury
work.  Upon reviewing the record and the briefs of the parties,
we conclude that this appeal is without merit.  Accordingly, we
summarily affirm the commission's decision.  Rule 5A:27.

I.

The employer argues that the commission should not have
considered Cook's affidavit and Dr. Zoller's July 21, 1994 letter

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

report.  The employer asserts that the full commission, in its July 11, 1994 opinion affirming the deputy commissioner's decision to adjudicate the employer's application on-the-record, allowed Cook to submit only "a designated deposition transcript" as part of his written statement.  However, in her July 14, 1994 letter, the deputy commissioner notified the parties that they were permitted to submit "any documentary evidence."  She did not limit the type of documentary evidence that the commission would consider.

"[R]igid or technical rules of pleadings, evidence, or practice . . . shall not apply [to the commission] so long as the procedures adopted protect the substantial rights of the parties."  Sergio's Pizza v. Soncini, 1 Va. App. 370, 376, 339 S.E.2d 204, 207 (1986).  Under this standard, the employer's rights were protected.  The employer was given sufficient notice that the commission would consider any documentary evidence submitted by the parties.  In addition, the employer was given sufficient time to respond to such evidence.

Pursuant to the commission's on-the-record procedure,[1] the deputy commissioner ordered that the parties submit their positional statements and evidence no later than August 5, 1994. On August 4, 1994, Cook sent his positional statement, along with his affidavit and Dr. Zoller's July 21, 1994 letter report,

_____

[1]This Court ruled in Williams v. Virginia Elec. & Power Co., 18 Va. App. 569, 578, 445 S.E.2d 693, 699 (1994), that the commission's on-the-record procedure is constitutional.

2

to the commission and to the insurance carrier.[2]  The insurance carrier had until August 15, 1994 to file evidence in response to Cook's submission.  Thus, the insurance carrier was given sufficient time to respond to Cook's evidence.  Yet, neither the employer nor the insurance carrier objected to Cook's evidence.  They did not file any responsive evidence.  They did not request an extension of time.  They did not request leave to depose Dr. Zoller.  They did not request an evidentiary hearing.

Based upon this record, the employer's argument on appeal is without merit.  It was not denied due process.  It was not denied the opportunity to respond to Cook's evidence.  In fact, the employer and the insurance carrier had a full and fair opportunity to review Cook's evidence and to respond to the commission in some manner prior to the August 15, 1994 deadline.  They simply failed to take advantage of this opportunity.  Accordingly, we find that the commission did not err in considering Cook's affidavit and Dr. Zoller's July 21, 1994 letter report.

II.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "General principles of workman's compensation law provide that

---

[2]There is no indication in the record that the employer or insurance carrier were represented by counsel at that time.

3

'[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that the employer's evidence proved that Cook was able to carry out all of the duties of his pre-injury work, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission's findings are supported by Cook's affidavit, describing his job duties, and by Dr. Zoller's July 21, 1994 letter report, in which he opined that Cook was not able to successfully perform the full duties of his pre-injury work.  The commission, in its role as fact finder, was entitled to accept this evidence.

For the reasons stated, we affirm the commission's decision.

Affirmed.

4