COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

CHARLES E. RICH

v.          Record No. 2255-94-1       MEMORANDUM OPINION[*] BY
                                       JUDGE RICHARD S. BRAY
EDWARDS GRAIN AND FERTILIZER, INC.          OCTOBER 3, 1995
 and VIRGINIA FARM BUREAU
 FIRE & CASUALTY INSURANCE

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Robert J. MacBeth, Jr. (Rutter & Montagna, on brief),
          for appellant.

          Charles F. Midkiff (Ruth N. Carter; Midkiff & Hiner, P.C.,
          on brief), for appellees.


        Acting on application of Edwards Grain and Fertilizer, Inc.

and its insurer, Virginia Farm Bureau Fire & Casualty Insurance

(collectively referred to as employer), the Workers' Compensation

Commission (commission) concluded that Charles E. Rich (claimant)

had been released to his pre-injury employment and terminated the

related benefits.  Claimant appeals, contending that the commission

erroneously denied his request for an evidentiary hearing and

challenging the sufficiency of the evidence to support its

findings.  We affirm the decision of the commission.

        The parties are conversant with the record, and we recite only

those facts necessary to our disposition of the appeal.

        Claimant sustained a compensable injury on July 12, 1993, and

was awarded attendant benefits.  On April 11, 1994, employer filed

an "Application for Hearing" which alleged that claimant had been

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

approved by his treating physician, Dr. Robert Singer, for return to employment and sought termination of the award. By correspondence dated May 4, 1994, the commission notified Herbert L. Sebren, Jr., then claimant's counsel of record, and employer that the application had been "selected" for "determination on the record" and instructed "each side submit . . . a statement of . . . position . . ." by May 23, 1994. The commission further advised that written notice to the commission was required "within 10 days of the date of this letter" if a party "believe[d] a trial-type evidentiary hearing [was] necessary . . . ."

Thereafter, on May 6, 1994, Mr. Sebren wrote the commission that he "no longer" represented claimant. Subsequent correspondence from Robert J. Macbeth, Jr. dated May 13, 1994, advised the commission that he had been retained as claimant's counsel and was accompanied by a related "power of attorney form," executed by claimant on April 11, 1994.

Upon receipt of employer's "statement of position," Mr. MacBeth requested, by letter dated May 26, 1994, that the application be referred for an "evidentiary hearing." However, noting the previously imposed ten day limitation, a deputy commissioner denied the motion, but allowed claimant ten additional days within which to file a statement of position. Claimant appealed this decision, and the commission affirmed, returning the case to a deputy for an "on-the-record determination."[1] On review,

---

[1]Claimant's request for reconsideration was denied by the commission.

the deputy concluded that claimant was authorized by his physician for return to pre-injury employment and terminated benefits, a decision also affirmed by the commission.

It is well established that, "while procedures before the . . . Commission must ensure that the parties are accorded due process of law, the . . . Commission is afforded considerable latitude in adapting the conduct of hearings to the circumstances of the case." Kim v. Sportswear, 10 Va. App. 460, 470, 393 S.E.2d 418, 424 (1990); see Code § 65.2-201(A). The Rules of the Virginia Workers' Compensation Commission provide that, "[a]t the request of either party, or at the Commission's direction, contested issues not resolved informally . . . will be referred for decision on the record or evidentiary hearing." Rule 2. "When it appears that there is no material fact in dispute as to any contested issue, determination will proceed on the record." Rule 2.1. This "expedited procedure" relates to the commissioner's "quasi-judicial function" and is a proper exercise of its authority. Williams v. Virginia Elec. & Power Co., 18 Va. App. 569, 574, 445 S.E.2d 693, 696 (1994).

The instant record discloses that the commission initially identified employer's application as a candidate for decision "on the record" and notified the parties' counsel of record accordingly. Thereafter, Mr. Sebren advised the commission that he no longer represented claimant and, still later, Mr. MacBeth notified the commission of his retention as counsel. The record neither explains Mr. Sebren's delay in informing the commission of

his release nor Mr. MacBeth's delay in advising of his substitution. As the commission properly noted, "whether Mr. Sebren ever advised the claimant [or Mr. MacBeth] that his client's case had been selected for an on-the-record determination" was "a matter entirely between attorney and client," and not the responsibility of the commission.

Claimant was given ten days in which to request an evidentiary hearing and to present evidence that such hearing was necessary. However, claimant inexplicably allowed that time to expire without acting to protect his interests. Moreover, nothing in the record suggests that the application was inappropriate for on the record review. Under such circumstances, the commission's action was consistent with its rules and constitutionally sound. See id. at 578-79, 445 S.E.2d at 697.

Lastly, claimant argues that the record fails to establish that Dr. Singer was sufficiently familiar with his employment to properly release him for return to work.

Under familiar principles, we view the evidence in the light most favorable to the prevailing party, employer in this instance. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings of the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989); see Code § 65.2-706. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."

- 4 -

Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

The commission may rely on an attending physician's "unequivocal statement that [the claimant is] fully able to return to unrestricted work and[, in] the absence of any medical evidence to the contrary, the Commission [can] only conclude [that the claimant is] able to return to unrestricted work . . . ." Mace v. Merchants Delivery, 221 Va. 401, 403-04, 270 S.E.2d 717, 719 (1980). Thus, employer need not establish that the treating physician was familiar with the physical requirements of the claimant's employment under such circumstances.

Here, although Dr. Singer's medical records do not include claimant's job description, Dr. Singer noted that claimant's injury occurred while "unloading wheat bags" and his related treatment of claimant spanned nine months. Thereafter, Dr. Singer unconditionally released claimant for return to "regular," as opposed to "light," work. This evidence supports the inference that Dr. Singer was aware of claimant's physical abilities in relation to the requirements of his workplace and properly released him to employment.

Accordingly, we affirm the decision of the commission.

                                                    Affirmed.