COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

THEODORE MACK SEAL

v.   Record No. 2371-95-2                    MEMORANDUM OPINION[*]
                                               PER CURIAM
THE MUFFLER SHOP, INC.                        MARCH 19, 1996
AND
ERIE INSURANCE GROUP

                                    FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Gerald G. Lutkenhaus, on brief), for
          appellant.

          (Lynne Jones Blain; Lori Morris Whitten;
          Morris & Morris, on brief), for appellees.


     Theodore Mack Seal ("claimant") contends that the Workers'

Compensation Commission erred in (1) finding that the doctrine of

res judicata did not bar the commission from considering the

change in condition application filed by Muffler Shop, Inc. and

its insurer (hereinafter collectively referred to as "employer");

(2) finding that employer proved claimant was able to return to

his pre-injury work without restrictions as of April 11, 1995;

and (3) deciding employer's application on-the-record and in

refusing to grant claimant an evidentiary hearing.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

––––––––––––––––––
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I. Res Judicata

The commission found that employer's April 18, 1995 application was not barred by the doctrine of res judicata. The April 18, 1995 application presented the issue of whether claimant could return to his pre-injury work without restrictions as of April 11, 1995. This issue was not, and could not have been, previously litigated and determined as to these parties. Indeed, employer based its April 18, 1995 application upon new evidence, including Dr. Benjamin R. Allen, Jr.'s April 4, 1995 examination of claimant and claimant's test results, and Dr. Allen's April 4 and April 11, 1995 reports. Therefore, the commission did not err in finding that the doctrine of res judicata did not bar it from considering employer's April 18, 1995 change in condition application.

## II. Return to Work

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that employer proved claimant could return to work without restrictions, the commission accepted the opinion of Dr. Allen, a neurosurgeon, and rejected the contrary opinion of Dr. Basava Raj, a neurologist. In April 1995, Dr. Allen opined that

2

claimant's MRI, myelogram, and post-myelogram CT scan did not reveal any significant discogenic disease.  Noting that claimant might have a complaint of pain, but that he did not have any neurologic deficit, Dr. Allen concluded that claimant could return to all activities related to his pre-injury work for employer.  Dr. Allen's opinion constitutes credible evidence to support the commission's findings.  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

### III.  Denial of Evidentiary Hearing

Claimant contends that the deputy commissioner's on-the-record review of the case denied claimant the opportunity to testify concerning his inability to perform the duties of his pre-injury work.  He argues that the on-the-record procedure denied him due process.

The deputy commissioner's use of the on-the-record hearing procedure satisfied the requirements of due process.  "[D]ue process is flexible and calls for such procedural protections as the particular situation demands."  Mathews v. Eldridge, 424 U.S. 319, 334 (1976).  "[T]he fundamental requisite of due process of law is the opportunity to be heard."  Goldberg v. Kelly, 397 U.S. 254, 267 (1970).  The commission had before it the issue of whether claimant had been released to return to his pre-injury

work.  This case did not require an evidentiary hearing because such a hearing would not have produced any additional medical testimony necessary to resolve any conflict in the medical evidence.  See Duncan v. ABF Freight System, Inc., 20 Va. App. 418, 457 S.E.2d 424 (1995); Williams v. Virginia Electric and Power Co., 18 Va. App. 569, 445 S.E.2d 693 (1994).  The commission properly considered the issue raised by employer's application as a medical question, which did not require claimant's testimony regarding his inability to work.  Based upon this record, the commission did not abuse its discretion in deciding employer's application on-the-record, nor did it deny claimant due process by refusing to grant his request for an evidentiary hearing.

For these reasons, we affirm the commission's decision.

Affirmed.