COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


NEWPORT NEWS SHIPBUILDING
 AND DRY DOCK COMPANY
                                        MEMORANDUM OPINION* BY
v.    Record No. 0086-99-1              JUDGE RICHARD S. BRAY
                                            AUGUST 3, 1999
STEVEN J. LAWRENCE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Jonathan H. Walker (Mason & Mason, P.C., on
        brief), for appellant.

        No brief or argument for appellee.


    Newport News Shipbuilding and Dry Dock Company (employer)

appeals a decision of the Virginia Workers' Compensation

Commission (commission), complaining that the commission

erroneously awarded Steven J. Lawrence (claimant) total disability

benefits, while denying employer a credit against any future

compensation owed claimant under the Workers' Compensation Act

(Act).  Finding no error, we affirm the commission.

    The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On February 23, 1987, claimant sustained a compensable injury and was awarded benefits pursuant to the Act. Benefits were thereafter continued for periods specified by subsequent orders of the commission. On January 24, 1995, employer filed an "application for hearing," alleging that claimant failed to cooperate in vocational rehabilitation and requesting a credit for excessive compensation paid to claimant in error.[1] Following related hearings, a deputy commissioner, by opinion dated February 24, 1998, denied employer relief, concluding that claimant did not unjustifiably refuse vocational rehabilitation and that employer was not entitled to credit for miscalculated benefits.

Employer moved to "reopen the record," complaining in pertinent part that the deputy had not addressed overpayments resulting from "claimant's selective employment, school attendance and total disability due to [an] auto accident" while receiving disability benefits, circumstances apparently disclosed during the hearings. Accordingly, the deputy vacated the prior order, reconsidered the evidence, and again decided that claimant did not unjustifiably refuse vocational rehabilitation. However, the deputy also determined that employer was entitled to a credit for payments previously made to claimant pursuant to the Longshore and

---

[1] Employer paid claimant 101 weeks of compensation, although only entitled to 101 days, an overpayment of $17,401.11.

-

Harbor Workers' Compensation Act (LHWCA) of $87,615.87,[2] an amount determined to exceed any further payments due claimant from employer. The deputy did not award employer any credits for payments wrongfully received by claimant while employed, attending school or disabled by the alleged auto accident.

Claimant requested review by the full commission, complaining that employer was incorrectly awarded a credit of $87,615.87 for benefits under the LHWCA. Employer, however, did not request review of the deputy's decision, although denied credit for payments made but allegedly not due claimant as a result of the several intervening circumstances which disqualified him from benefits.

Following review at claimant's request, the full commission, by opinion dated December 9, 1998, concluded that "the deputy commissioner correctly found employer entitled to a credit for the $17,401.11 mistaken overpayment . . . [and] for all amounts paid to the claimant under the Longshore Act," $70,214.76, a total of $87,615.87, "to be deducted in a lump sum from accrued compensation." However, for reasons not in issue, the commission reversed the finding that such credit "exceeded the employer's liability" to claimant. Employer appeals, arguing that the commission "erroneously awarded [claimant] total disability benefits when [he] was either working, a full time student or

_____

[2] This sum appears to also include an overpayment credit for the miscalculated benefits.

-

totally disabled as a result of an automobile accident," thereby denying employer a proper "credit against any future compensation owed [claimant]."

Rule 3.1 of the Rules of the Commission provides, inter alia, that "[a] request for review of a decision or award of the Commission . . . shall be filed by a party in writing with the Clerk of the Commission within 20 days of the date of such decision or award." [3]  See Code §§ 65.2-704, -705.  "The award of the Commission, as provided in § 65.2-704, if not reviewed in due time, . . . shall be conclusive and binding as to all questions of fact."  Code § 65.2-706.  "Decisions of a deputy commissioner that are not reviewed by the full commission cannot be brought before this Court."  Duncan v. ABF Freight System, Inc., 20 Va. App. 418, 422, 457 S.E.2d 424, 426 (1995) (citation omitted).

Here, employer did not request full commission review of the deputy's decision which failed to award it credit for payments made to claimant during the alleged periods of his employment, educational pursuits and unrelated disability.  Thus, the denial by the deputy of relief to employer for such payments was not before the full commission on review.  Hence, we may not now

---

[3] To facilitate proper consideration by the commission, "[a] request for review should assign as error specific findings of fact and conclusions of law.  Failure of a party to assign any specific error in its request for review may be deemed by the Commission to be a waiver of the party's right to consideration of that error."  Rule 3.1.

-

entertain error in the attendant decision of the commission for a failure to address this issue.[4]

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

---

[4] The commission noted in its opinion that "[t]he record indicates that the claimant has been employed at least partially during the period of his open Award.  The employer has not, however, filed an Application for Hearing to suspend benefits on this basis."

-