COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Petty and Beales
Argued by videoconference

SUMMIT PHARMACY, INC.
                                                            OPINION BY
v.        Record No. 0970-20-1                    JUDGE RANDOLPH A. BEALES
                                                          MARCH 30, 2021
COSTCO WHOLESALE (R) AND
 COSTCO WHOLESALE CORPORATION

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Philip J. Geib (Philip J. Geib, P.C., on brief), for appellant.

C. Ervin Reid (Goodman Allen Donnelly PLLC, on brief), for
appellees.


Summit Pharmacy, Inc. ("Summit Pharmacy") appeals a decision of the Workers'

Compensation Commission ("the Commission") that unanimously denied its claims for

additional payments from Costco[1] for prescriptions Summit Pharmacy dispensed to a Costco

employee injured in a workplace accident.  The Commission entered an award order in

December 2011 granting the employee lifetime medical benefits for her workplace-related

injury, and Summit Pharmacy provided prescriptions to the employee in 2014 to address her

injury.  Costco made only partial payments to Summit Pharmacy for its bill for those

prescriptions, and Summit Pharmacy received its last partial payment in January 2015.  Summit

Pharmacy filed claims with the Commission in July 2019 seeking full payment for the

prescriptions.  The Commission denied Summit Pharmacy's claims because it determined that

Summit Pharmacy failed to file the claims within the one-year statute of limitations prescribed

---

[1] Costco Wholesale (R) and Costco Wholesale Corporation will collectively be referred
to as "Costco."

by Code § 65.2-605.1(F). On appeal, Summit Pharmacy argues that the Commission erred because the statute of limitations under Code § 65.2-605.1(F) does not apply to its claims. It contends that Code § 65.2-605.1(F) applies only to claims made by a "health care provider" and that the term "health care provider" does not include pharmacies. Summit Pharmacy also argues that the statute of limitations does not bar its claims because Costco failed to comply with the "requirements of Virginia Code Section 65.2-605.1(B), as a precondition that must be affirmatively satisfied" before Costco could "gain the benefits of the statute of limitations periods as set forth in Virginia Code Section 65.2-605.1(F)."

## I. BACKGROUND

On March 14, 2011, Ryan Dove (formerly Ryan Burke) injured her right shoulder in a workplace accident while employed by Costco. Following the accident, Dove and Costco entered into an agreement for the payment of workers' compensation benefits for her injury. On December 22, 2011, the Commission entered an award order awarding Dove workers' compensation benefits from Costco. The award order included an award of lifetime medical benefits for "reasonable, necessary and authorized medical treatment" for her "right shoulder strain/sprain." That award order became final on January 21, 2012.

From June 10, 2014 to December 8, 2014, Dove received eight prescriptions from Summit Pharmacy to address her right shoulder pain. The prescriptions were dispensed on June 10, June 27, July 24, August 20, September 19, October 15, November 11, and December 8, 2014. The total bill for the prescriptions was $3,299.26. Costco made partial payments for the prescriptions that amounted to $2,417.90. Costco's last payment for $293.83 was issued on January 9, 2015, and it was received by Summit Pharmacy on January 14, 2015. As of that date, there remained an unpaid balance of $881.36.

More than four years later, on July 16 and July 25, 2019, Summit Pharmacy filed claims with the Commission seeking from Costco "payments for any and all unpaid and/or outstanding medical expenses, as well as a medical award" for services Summit Pharmacy rendered to Dove for her injury in the compensable accident.[2] Summit Pharmacy attached to the claims a list of the eight prescriptions dispensed in 2014 and demanded Costco pay the outstanding balance of $881.36.

On March 12, 2020, the deputy commissioner, after reviewing the written position statements submitted by the parties, ruled that Summit Pharmacy "is a health care provider as contemplated by § 65.2-605.1(F)" and that "its claim for additional payment for pharmacy services rendered subsequent to July 1, 2014 is barred by Va. Code § 65.2-605.1(F)(i) because its claim was not filed within one year of the date that the last payment was received from the employer." However, the deputy commissioner ordered Costco to pay $522.50[3] to Summit Pharmacy for services rendered before July 1, 2014. Accordingly, "the remaining amount in dispute" was $358.86 for the six prescriptions dispensed after July 1, 2014.[4]

On March 20, 2020, Summit Pharmacy filed a letter requesting the deputy commissioner to reconsider his March 12, 2020 opinion. Summit Pharmacy, in its motion for reconsideration, argued that the deputy commissioner failed to consider that Code § 65.2-605.1(B) required

---

[2] Summit Pharmacy's July 25, 2019 letter requested that the Commission schedule a hearing for the claims filed.

[3] The March 12, 2020 deputy commissioner's opinion contained a scrivener's error ordering Costco to pay $552.50. The deputy commissioner subsequently filed an amended opinion on April 3, 2020, that corrected the payment amount owed to Summit Pharmacy to $522.50.

[4] Costco conceded in its written position statement submitted to the deputy commissioner that the statute of limitations did not bar payment for the two prescriptions filled before July 1, 2014, the date the statute of limitations went into effect. Costco stated, "As the employer has agreed that the provider is entitled to an additional payment of $522.50 on the two prescriptions dispensed before July 1, 2014, the remaining amount in dispute is $358.86."

Costco to follow "specific preconditions" in order to receive the benefit of the statute of limitations under Code § 65.2-605.1(F). On March 23, 2020, the deputy commissioner denied the motion for reconsideration.

On April 7, 2020, Summit Pharmacy appealed to the full Commission. Summit Pharmacy assigned error to the deputy commissioner's ruling by stating "Summit Pharmacy hereby appeals the Opinion and findings of Deputy Commissioner Kennard, dated March 12, 2020 relative to the Deputy's Application of VA Code 65.2-605.1 to the Provider's claims." On August 7, 2020, the full Commission unanimously affirmed the deputy commissioner's ruling that Code § 65.2-605.1(F) applies to pharmacies. In its written opinion, the full Commission stated that it "has long considered pharmacies health care providers for the purpose of the Act." The full Commission found that the language of Code § 65.2-605.1 is clear and unambiguous. The full Commission concluded, "Had the General Assembly wished to exclude pharmacies from the limitations period it could have included such an exception in the statute." Consequently, the full Commission held that Summit Pharmacy's 2019 "claims seeking full payment were not timely, and are therefore barred by the Statute of Limitations" under Code § 65.2-605.1(F).

In addition, the full Commission determined that Summit Pharmacy waived its argument that Costco was required to comply with "specific preconditions" in Code § 65.2-605.1(B) before receiving the benefit of the statute of limitations under Code § 65.2-605.1(F). The Commission stated that "[t]his argument was first raised in the Pharmacy's March 20, 2020 Motion for Reconsideration following issuance of the Deputy Commissioner's Opinion, below. The motion was denied. The Pharmacy did not assign error in its request for review." The full Commission explained, "The '[f]ailure of a party to assign any specific error in its request for review may be deemed by the Commission to be a waiver of the party's right to consideration of

- 4 -

that error.' Va. Workers' Comp. R. 3.1." Accordingly, the Commission did not address the merits of this argument in its review.

Summit Pharmacy now timely appeals the Commission's opinion to this Court.

## II. ANALYSIS

On appeal, Summit Pharmacy raises five assignments of error. However, Summit Pharmacy submitted to this Court "that Assignments of Error I, II, and III can be argued together" and "that Assignments of Error IV and V can be argued together." Consequently, we will address Assignments of Error I, II, and III together, and we will address Assignments of Error IV and V together.

### A. Whether Summit Pharmacy is a Health Care Provider under Code § 65.2-605.1(F)

In Assignment of Error I, Summit Pharmacy argues that "[t]he Full Commission erred in finding that the Pharmacy Provider's claim, seeking full payment of the charges for prescription services, was time-barred by an application of Virginia Code Section 65.2-605.1(F)." In Assignment of Error II, Summit Pharmacy contends that "[t]he Full Commission erred in finding and determining that the Pharmacy Provider was deemed to be a Health care Provider, for the purposes of the application of Virginia Code Section 65.2-605.1, and in finding that the bill charges were subject to the statute of limitations periods covered by an application of Virginia Code Section 65.2-605.1." Lastly in Assignment of Error III, Summit Pharmacy argues that "[t]he Full Commission erred in determining that Virginia Code Section 65.2-605.1 applied to the Pharmacy Provider filling prescribed medications for the claimant."

Summit Pharmacy's appeal presents an issue of first impression for this Court as it requires us to determine whether a pharmacy is a "health care provider" under Code § 65.2-605.1(F). Code § 65.2-605.1(F) states:

- 5 -

No health care provider shall submit a claim to the Commission contesting the sufficiency of payment for health care services rendered to a claimant after July 1, 2014, unless (i) such claim is filed within one year of the date the last payment is received by the health care provider pursuant to this section or (ii) if the employer denied or contested payment for any portion of the health care services, then, as to that service or portion thereof, such claim is filed within one year of the date the medical award covering such date of service for a specific item or treatment in question becomes final.

"The interpretation of a statute is a question of law, which the appellate court reviews *de novo*." Bryant v. Commonwealth, 67 Va. App. 569, 575 (2017), aff'd, 295 Va. 302 (2018). In interpreting Code § 65.2-605.1, we adhere to the well-established rules of statutory construction. "The Virginia Supreme Court has long held that 'when analyzing a statute, we must assume that "the legislature chose, with care, the words it used . . . and we are bound by those words as we [examine] the statute."'" Eley v. Commonwealth, 70 Va. App. 158, 163 (2019) (alteration and omission in original) (quoting Doulgerakis v. Commonwealth, 61 Va. App. 417, 420 (2013)). "Once the legislature has acted, the role of the judiciary 'is the narrow one of determining what [the legislature] meant by the words it used in the statute.'" Chapman v. Commonwealth, 56 Va. App. 725, 732 (2010) (alteration in original) (quoting Dionne v. Southeast Foam Converting & Packaging, Inc., 240 Va. 297, 304 (1990)). Consequently, "'[w]hen considering the meaning and effect of a statute, this Court follows the long-held standard that the clear meanings of words are controlling' and determines the legislature's intention from the plain language of the statute, 'unless a literal construction would involve a manifest absurdity.'" Id. (quoting Alston v. Commonwealth, 49 Va. App. 115, 124 (2006)).

Furthermore, "[p]roper construction seeks to harmonize the provisions of a statute both internally and in relation to other statutes." McGowan v. Commonwealth, 72 Va. App. 513, 518 (2020) (quoting Hulcher v. Commonwealth, 39 Va. App. 601, 605 (2003)). "The Code of

Virginia constitutes a single body of law, and other sections can be looked to where the same phraseology is employed." King v. Commonwealth, 2 Va. App. 708, 710 (1986) (citing First National Bank of Richmond v. Holland, 99 Va. 495, 504 (1901)).

Summit Pharmacy contends that it did not need to comply with the statute of limitations under Code § 65.2-605.1(F) because it is not a health care provider. However, we are not persuaded by Summit Pharmacy's argument that a pharmacy is not a health care provider under Code § 65.2-605.1(F).

The term "health care provider" is not defined in Code § 65.2-605.1. However, Code § 65.2-714(D) – a statute prohibiting a health care provider from balance billing an employee under the Workers' Compensation Act – provides that the term "health care provider" is defined by Code § 8.01-581.1. A plain reading of Code § 65.2-714(D) and Code § 65.2-605.1(F) demonstrates that the General Assembly intended for the definition of "health care provider" found in Code § 8.01-581.1 also to apply to Code § 65.2-605.1(F).

Code § 65.2-714(D) states:

> *No physician, hospital, or other health care provider as defined in § 8.01-581.1* shall balance bill an employee in connection with any medical treatment, services, appliances, or supplies furnished to the employee in connection with an injury for which (i) a claim has been filed with the Commission pursuant to § 65.2-601, *(ii) payment has been made to the health care provider pursuant to § 65.2-605.1*, or (iii) an award of compensation is made pursuant to § 65.2-704. For the purpose of this subsection, a health care provider "balance bills" whenever (a) an employer or the employer's insurance carrier declines to pay all of the health care provider's charge or fee and (b) the health care provider seeks payment of the balance from the employee. Nothing in this section shall prohibit a health care provider from using the practices permitted in § 65.2-601.1.

(Emphasis added). Under Code § 65.2-714(D), the General Assembly instructs us to use the definition of "health care provider as defined in § 8.01-581.1." Code § 8.01-581.1 defines a

- 7 -

"health care provider" as "a person, corporation, facility or institution licensed by this Commonwealth to provide health care or professional services as a . . . pharmacist." Therefore, the General Assembly mandates that we consider pharmacies as health care providers under Code § 65.2-714(D).

The language in Code § 65.2-714(D) expressly connects it to Code § 65.2-605.1. Code § 65.2-714(D) reads, in pertinent part, "No physician, hospital, or other *health care provider as defined in § 8.01-581.1* shall balance bill an employee in connection with any medical treatment, services, appliances, or supplies furnished to the employee in connection with an injury for which . . .(ii) payment has been made to *the health care provider pursuant to § 65.2-605.1.*" (Emphasis added). Given that Code § 65.2-714(D)(ii) and Code § 65.2-605.1 are expressly linked in this manner, the definition of "health care provider" in Code § 8.01-581.1 must also apply to Code § 65.2-605.1. In addition, the General Assembly did not include any language in Code § 65.2-605.1 that carves out an exception for pharmacies. Consequently, we hold that a "health care provider" in Code § 65.2-605.1 is "a person, corporation, facility or institution licensed by this Commonwealth to provide health care or professional services as a . . . pharmacist." See Code § 8.01-581.1. As there is no dispute that Summit Pharmacy is a licensed pharmacy by the Commonwealth and as the General Assembly does not carve out an exception for pharmacists under Code § 65.2-605.1(F), we hold that Summit Pharmacy is a "health care provider," and it was therefore required to comply with the statute of limitations contained in Code § 65.2-605.1(F).

B. Whether Summit Pharmacy Complied with the Statute of Limitations Under Code § 65.2-605.1(F)

Code § 65.2-605.1(F)(i) requires a health care provider to file a claim "contesting the sufficiency of payment for health care services rendered to a claimant after July 1, 2014 . . .

- 8 -

within one year of the date the last payment is received by the health care provider pursuant to this section."[5]  Summit Pharmacy started providing prescriptions to Dove in June 2014 to address her right shoulder pain caused by her workplace injury.[6]  Six bills were sent to Costco for six prescriptions dispensed after July 1, 2014, and Costco made partial payments for each bill.  Summit Pharmacy received its last payment from Costco on January 14, 2015.  However, Summit Pharmacy did not file its claims until July 2019.  In order to comply with the statute of limitations under Code § 65.2-605.1(F)(i), Summit Pharmacy would have needed to file its claims by January 14, 2016 – one year after the date it last received payment from Costco.  Instead, Summit Pharmacy did not file its claims until more than three years after the required

---

[5] Code § 65.2-605.1(F) actually contains *two* ways to satisfy the statute of limitations that Code § 65.2-605.1(F) creates for health care providers in filing their claims.  Code § 65.2-605.1(F)(ii) also allows a claim to be "filed within one year of the date the medical award covering such date of service for a specific item or treatment in question becomes final."  However, this subsection (F)(ii) of the statute is essentially irrelevant to the facts of this case because Dove did not even start receiving these prescription services from Summit Pharmacy until June 10, 2014 – well over a year past January 21, 2013, which is the date that is one year after the award order became final on January 21, 2012.

[6] Summit Pharmacy argues that the General Assembly intended for "health care services" to have the same definition as "medical service" under Code § 65.2-605 and that the services it provided to Dove would not be considered "health care services."  The term "health care services" is not defined in Code § 65.2-605.1 or elsewhere in the Workers' Compensation Act.  However, a plain reading of the statute shows that a pharmacy, in acting as a heath care provider, provides health care services, which would include prescriptions for lifetime medical benefits.  Furthermore, the General Assembly's decision to use the different term of "medical service" under Code § 65.2-605, instead of the term "health care services" under Code § 65.2-605.1, makes clear that the legislature intended for both terms to have different meanings.  See Industrial Dev. Auth. of Roanoke v. Board of Supervisors of Montgomery County, 263 Va. 349, 353 (2002) ("When the General Assembly uses two different terms in the same act, those terms are presumed to have distinct and different meanings."); see also City of Richmond v. Virginia Electric and Power Company, 292 Va. 70, 74 (2016) ("When a statute is clear and unambiguous, a court may look only to the words of the statute to determine its meaning.  It may not consider rules of statutory construction, legislative history, or extrinsic evidence." (quoting Eberhardt v. Fairfax Cnty. Emps.' Ret. Sys. Bd. of Trs., 283 Va. 190, 194 (2012))).  In addition, the definition of "medical service" in Code § 65.2-605, which addresses medical fee schedules, was enacted by the General Assembly in 2016 and became effective in 2018 – well past the dates at issue in this case.

filing date of January 14, 2016 under Code § 65.2-605.1(F)(i).  Therefore, the full Commission did not err in determining that Summit Pharmacy's July 2019 claims were barred by the statute of limitations under Code § 65.2-605.1(F).

C.  Whether the Commission Erred Regarding Code § 65.2-605.1(B)

In Assignment of Error IV, Summit Pharmacy states that "[t]he Full Commission erred in finding that the Pharmacy Provider did not raise any assertions, or assign any error in its request for review to the Full Commission, that the Defendant did not comply with the requirements of Section 65.2-605.1(B)."  In Assignment of Error V, Summit Pharmacy states that "[t]he Full Commission erred in failing to determine that the Defendant did not comply with the strict requirements of Virginia Code Section 65.2-605.1(B), as a precondition that must be affirmatively satisfied by a Defendant in order to gain the benefits of the statute of limitations periods as set forth in Virginia Code Section 65.2-605.1(F)."

Regarding Summit Pharmacy's Assignment of Error IV, the full Commission ruled that, under Rule 3.1 of the Workers' Compensation Commission, Summit Pharmacy failed to assign error to its argument concerning Code § 65.2-605.1(B).  The Commission's Rule 3:1 states in pertinent part, "A request for review should assign as error specific findings of fact and conclusions of law.  Failure of a party to assign any specific error in its request for review may be deemed by the Commission to be a waiver of the party's right to consideration of that error."  This Court has stated, "We accord great deference to the interpretation given by the commission to its rules."  Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 483 (1998). "Consequently, our review is limited to a determination whether the commission's interpretation of its own rule was reasonable."  Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93 (1989).

- 10 -

Here, the Workers' Compensation Commission concluded:

> In its written statement on review, the Pharmacy argues the defendant did not comply with the notice requirements of Section 65.2-605.1(B), and was therefore barred from asserting a Statute of Limitations defense. This argument was first raised in the Pharmacy's March 20, 2020 Motion for Reconsideration following issuance of the Deputy Commissioner's Opinion, below. The motion was denied. The Pharmacy did not assign error in its request for review. The "[f]ailure of a party to assign any specific error in its request for review may be deemed by the Commission to be a waiver of the party's right to consideration of that error." Va. Workers' Comp. R. 3.1[.] Accordingly, we do not address this argument on review.

Summit Pharmacy, in filing its appeal with the full Commission, chose not to assign error to the deputy commissioner's denial of the motion for reconsideration. Instead, it only assigned error to the decision of the deputy commissioner's initial opinion, and Summit Pharmacy did not make its Code § 65.2-605.1(B) argument in either its claims or written position statements before the deputy commissioner announced his opinion on March 12, 2020. As Summit Pharmacy's notice of appeal to the full Commission only addresses the merits of the March 12, 2020 deputy commissioner's opinion, we cannot say, on Assignment of Error IV, that the Commission erred in determining that Summit Pharmacy failed to assign error to its Code § 65.2-605.1(B) argument. Because the argument was not preserved before the full Commission, it is also not preserved on appeal to this Court. See Duncan v. ABF Freight System, Inc., 20 Va. App. 418, 426 (1995) ("Decisions of a deputy commissioner that are not reviewed by the full commission cannot be brought before this Court." (citing Southwest Architectural Products v. Smith, 4 Va. App. 474, 478 (1987))). Consequently, we cannot reach Assignment of Error V as it is not preserved for appeal to us.

III. CONCLUSION

In short, Summit Pharmacy is a health care provider under Code § 65.2-605.1(F). While the term "health care provider" is not defined in Code § 65.2-605.1, Code § 65.2-714(D), which is also part of the Workers' Compensation Act, is expressly connected to Code § 65.2-605.1. Code § 65.2-714(D) indicates that the definition of "health care provider" found in Code § 8.01-581.1 also applies to Code § 65.2-605.1. Consequently, under Code § 65.2-605.1, a "health care provider" is "a person, corporation, facility or institution licensed by this Commonwealth to provide health care or professional services as a . . . pharmacist." See Code § 8.01-581.1. In addition, there is no indication that the General Assembly intended to exclude pharmacies from the term "health care provider" under Code § 65.2-605.1. The General Assembly certainly could have included language in the statute to carve out such an exception if it had wanted to do so. Therefore, the full Commission did not err in its unanimous opinion when it determined that Summit Pharmacy is a health care provider that must comply with Code § 65.2-605.1(F) when filing a claim contesting the sufficiency of payment.

Code § 65.2-605.1(F)(i) requires that a claim contesting the sufficiency of payments be filed "within one year of the date the last payment is received by the health care provider pursuant to this section." Here, Summit Pharmacy provided prescriptions in 2014 to Dove under a December 22, 2011 award order granting lifetime medical benefits to her for an injury to her right shoulder sustained in a March 14, 2011 workplace-related accident while working for Costco. Two prescriptions were filled before July 1, 2014, which Costco agreed to pay in full because it conceded that the statute of limitations did not apply to those prescriptions as they were filled before July 1, 2014, when the statute of limitations first went into effect. However, six prescriptions were dispensed after July 1, 2014, and Summit Pharmacy last received any payment for those prescriptions on January 14, 2015 – with "the remaining amount in dispute"

- 12 -

being $358.86. While Summit Pharmacy filed claims with the Commission in July 2019, the statute of limitations in Code § 65.2-605.1(F)(i) bars claims for further payment of the pharmacy's prescriptions dispensed after July 1, 2014, because the claims were not filed until more than one year after the health care provider, Summit Pharmacy, received its last payment from the employer, Costco. Consequently, because the claims should have been filed with the Commission no later than January 14, 2016, but were not filed with the Commission until more than three years later in July 2019, Summit Pharmacy is barred from recovering any further payment.

Therefore, the full Commission did not err in its ruling that Summit Pharmacy's July 2019 claims are barred under the statute of limitations pursuant to Code § 65.2-605.1(F). We also find no error in the full Commission's decision to consider Summit Pharmacy's argument on Code § 65.2-605.1(B) to be waived – under Rule 3.1 of the Workers' Compensation Commission – because appellant assigned no error to that particular ruling by the deputy commissioner when Summit Pharmacy appealed to the full Commission.

For all of these reasons, we affirm the decision of the Workers' Compensation Commission.

Affirmed.