ERVIN LETTERLOUGH, PLAINTIFF-EMPLOYEE, v.
JOHN HENRY ATKINS, NON-INSURER, DEFENDANT-EMPLOYER.

(Filed 21 November 1962.)

**1. Master and Servant § 82—**

The Industrial Commission is not a court of general jurisdiction but is an administrative board with quasi-judicial functions, and has only that jurisdiction conferred by statute, which jurisdiction may not be enlarged by waiver or extended by act or consent of the parties.

**2. Same—**

While the Industrial Commission may not institute a proceeding *ex mero motu*, if its jurisdiction is invoked by the filing of claim or the submission of a voluntary settlement for its approval, the Commission has authority and must, as the first order of business, determine the jurisdictional facts from the admissions of the parties, facts agreed, stipulations noted at the hearing, or evidence offered in open court after all parties have been given opportunity to be heard, and it may not find such facts from records, files, evidence, or data not thus presented.

**3. Same—**

The parties submitted to the Industrial Commission a voluntary settlement for the approval of the Commission, but the employer insisted at every stage of the proceeding that he did not have as many as five employees and was not subject to the Act. *Held:* An award of the Commission entered without a finding of the jurisdictional facts is void and must be set aside, but the proceeding should not be dismissed but should be remanded to the Industrial Commission for the finding of facts determinative of whether it had jurisdiction to proceed.

**4. Same; Judgments § 19—**

Challenge to the jurisdiction may be made at any time, since a judgment entered without jurisdiction is void and may be treated as a nullity.

APPEAL by plaintiff from *Olive, J.*, February 5, 1962, Term of RANDOLPH.

This is a proceeding pursuant to the Workmen's Compensation Act (G.S., Ch. 97).

Plaintiff, an employee of defendant, suffered a fracture of and injury to the right femur while using a power saw about the business of defendant. On 9 May 1961 the parties executed a compromise "Agreement and Release," reciting facts relative to the injury and the amount of medical expenses incurred, and stating defendant's contention that he is not "legally responsible . . . under the Workmen's Compensation Act." In the instrument defendant agrees to pay plaintiff the sum of $1500 and to pay the further sum of $623.55 on account of medical expenses incurred, and plaintiff releases defendant from all claims and

liabilities, past, present and future, on account of the alleged accident and the injury. It is provided that the settlement is "subject to the approval of the North Carolina Industrial Commission."

On 12 May 1961 Chairman Bean, of the Commission, entered an approval of the agreement and release, and made further comment and order, as follows:

"It is directed to the attention of this employer that it is and has been operating its business for a considerable length of time without insuring its liability under the Workmen's Compensation Act, qualifying as a self-insurer or rejecting the provisions of the Workmen's Compensation Act.

"IT IS THEREUPON ORDERED that unless the employer shall either provide compensation insurance or reject the provisions of the Act within thirty days from the date this order is filed, this case will be re-set for hearing before the Commission upon the next visit of a Hearing Commissioner to Greensboro, North Carolina, to determine what penalties, if any, the Commission should assess for employer's failure to provide insurance or reject the Act. G.S. 97-94(b)."

Defendant filed a motion and notice of appeal, in which he asserted that he has not had as many as five employees at any one time and has contended throughout the proceeding that he was not subject to the Act, and prayed, (1) that the *further order* of the Commission be vacated, or (2) that the settlement be disapproved and the proceeding be set for an original hearing before a hearing Commissioner, or (3) that the matter be reviewed by the full Commission.

Review was granted, and an award was entered declaring that there was ample evidence "in the file of the case and the agreement and release of the parties to support the findings of fact of Chairman Bean," that the contentions of defendant are without merit, and the former order should be affirmed. Upon affirmance by the full Commission defendant appealed to Superior Court.

The Superior Court adjudged that the "cause is remanded to the North Carolina Industrial Commission which is directed to enter an Order setting aside its approval of the agreement and its award for the payment of compensation and medical benefits and dismissing the proceeding on the ground of lack of jurisdiction."

Plaintiff appeals.

*Ottway Burton and Linwood T. Peoples for plaintiff.*
*John Randolph Ingram for defendant.*

MOORE, J.   The Industrial Commission is not a court of general jurisdiction. It is an administrative board with quasi-judicial functions and has a special or limited jurisdiction created by statute and confined to its terms. Its jurisdiction may not be enlarged or extended by act or consent of parties, nor may jurisdiction be conferred by agreement or waiver. *Hart v. Motors*, 244 N.C. 84, 92 S.E. 2d 673; *Reaves v. Mill Co.*, 216 N.C. 462, 5 S.E. 2d 305. To sustain the jurisdiction of the Commission it must affirmatively appear that the employer, which it undertakes to bind by its award, had as many as five men in his or its employment. *Chadwick v. Department of Conservation and Development*, 219 N.C. 766, 14 S.E. 2d 842.

Defendant has insisted in the agreement and release signed by him and in every step and stage of this proceeding that he did not have as many as five men in his employment and was not subject to the provisions of the Workmen's Compensation Act. We find nothing in the record tending to show affirmatively that he had five or more employees and that the Commission had jurisdiction. The matter of jurisdiction has not been determined. A challenge to the jurisdiction may be made at any time, since a judgment entered without jurisdiction is a void judgment without legal effect and may be treated as a nullity. *Hart v. Motors, supra*. The court below properly directed the Industrial Commission to vacate and set aside its order and award *in toto*.

However, it is our opinion that the court erred in directing the Commission to dismiss the proceeding. Whether or not the Commission has jurisdiction has not been properly determined. "Where its jurisdiction depends on the existence of certain facts, the . . . Commission has the authority to determine whether such facts exist. . . ." 100 C.J.S., Workmen's Compensation, s. 425d, p. 272. It is not error for the Superior Court to remand a proceeding "in order that the facts with respect to the number of employees in the employment of the defendant at the time the . . . employee was injured might be ascertained by the Industrial Commission." *Thompson v. Funeral Home*, 208 N.C. 178, 179 S.E. 801. It is true that the Commission may not *ex mero motu* institute a proceeding. But the jurisdiction of the Commission is invoked either when a claim for compensation is filed or a voluntary settlement is submitted for approval. In approving settlements the Commission acts in its judicial capacity. *Biddix v. Rex Mills*, 237 N.C. 660, 75 S.E. 2d 777. In presenting the agreement and release to the Commission for approval, the parties instituted the present proceeding. In every proceeding before the Commission determination of jurisdiction is the first order of business. Determinative facts upon which rights of parties are made to rest must be found from

judicial admissions made by the parties, facts agreed, stipulations entered into and noted at the hearing, and evidence offered in open court, after all parties have been given full opportunity to be heard. "Recourse may not be had to records, files, evidence, or data not thus presented to the court." *Biddix v. Rex Mills, supra.* The instant proceeding should be remanded for a proper hearing. Should it be determined therein that the Commission has no jurisdiction, the proceeding should be dismissed. If the Commission has jurisdiction, it should proceed according to law. From any and all orders and awards made pursuant to the hearing an appeal will lie.

The proceeding is remanded to Superior Court. It will remand to the Industrial Commission with directions that the order and award of the Commission appealed from be vacated and set aside, and proceedings be had in accordance with this opinion.

Error and remanded.