## Richmond

JAMES V. JAMES

V.

ARLINGTON COUNTY BOARD OF SUPERVISORS

October 14, 1983.

Record No. 820972.

Present: All the Justices.

*Richard E. Trodden (Ashcraft & Gerel*, on brief), for appellant.
*Cynthea L. Perry, Assistant County Attorney (Charles G. Flinn, County Attorney*, on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

The central issue in this workers' compensation case is whether the Industrial Commission (Commission) is empowered to make a threshold determination of its jurisdiction without having to resort to an adversarial hearing. Here, the Commission, acting solely

upon review of the papers filed in the case, rejected a claim on the ground that it had not been filed within two years of the diagnosis of the alleged occupational disease. Because timely filing is jurisdictional, the Commission ruled that it had no jurisdiction to consider the claim. Consequently, the Commission dismissed the case and struck it from its docket.

James contends that he was entitled to an adversarial hearing on the issue of the Commission's jurisdiction. He contends further that the disposition of his claim without a hearing violates Virginia statutes and the Due Process clause of the United States Constitution. We disagree with James. We think the Commission's ruling was correct; therefore, we will affirm its decision.

James worked as an Arlington County Deputy Sheriff. In papers filed with the Commission, James claimed that on August 18, 1978, he was diagnosed as suffering from hypertension. He advised the County of his condition on March 7, 1979.

The County filed its Employer's First Report of Accident (First Report) with the Commission on March 13, 1979. In that report, the County marked James' claim "rejected." In an attachment to the report, the County explained its rejection of the claim by stating that James' hypertension existed prior to his employment with the County. The County notified James of its position.

The Commission informed James that it had received the First Report and was therefore aware that the County had rejected James' claim. The Commission advised James that it would take no further action with regard to the matter unless James filed "an application for hearing within the statutory time of two years from the date of the diagnosis."

James filed a *pro se* application for hearing on April 6, 1979. On that same date, the County's Insurance Administrator advised the Commission of the County's position that a diagnosis of James' hypertension had been communicated to him no later than July 20, 1971, and that if a hearing were granted the County would argue that the statute of limitations had run on James' claim. The Commission set a hearing for June 7, 1979.

On May 30, 1979, prior to the scheduled hearing, James, acting with the assistance of counsel, requested that his claim be withdrawn. In response to James' request, the Commission issued an order, dated June 5, 1979, which referred to the May 30, 1979 letter from James' counsel, dismissed the application for hearing, cancelled the scheduled evidentiary proceeding, and ordered the

case removed from the docket. No further papers were filed in the matter from June 5, 1979, to April 5, 1982.

On March 30, 1982, James, again acting with the assistance of counsel, mailed a document entitled "CLAIM AND AGREEMENT TO RETAIN COUNSEL." This document was filed with the Commission on April 5, 1982. In a cover letter, James' counsel recounted certain of the facts concerning the original filing and the June 5, 1979 order dismissing the case. Further, in anticipation that James' March 30, 1982 claim might be barred by the statute of limitations, James' counsel took the position, in his cover letter, that the filing of the original, April 6, 1979, claim tolled the statute of limitations. The letter stated as follows:

> Due to the fact that a claim was filed in this case, even though the hearing was taken off the Commission's docket, we believe the timely filing of the claim tolls the statute of limitations.

In the March 30, 1982 letter James also reapplied for a hearing.

On April 13, 1982, one of the Commission's claims examiners rejected James' refiled claim on the ground that it was barred by the statute of limitations. The claims examiner explained his decision in the following terms:

> Inasmuch as the original claim that was filed in this case was withdrawn and the re-filing not made within the two year Statutory period, the claim is thereby barred by the Statute of Limitations.

James' counsel did not pursue the matter further with the claims examiner. No effort was made to provide the examiner with additional facts that might establish that the claim was not barred by the statute of limitations. Instead, after receipt of the ruling by the claims examiner, James, by counsel, requested a review "before the Full Commission of the decision that this case is barred by the Statute of Limitations." The letter requesting the hearing did not advance any additional reasons why the statute of limitations should not bar James' claim. It did nothing more than ask the full Commission to look, in effect, "over the shoulder" of the claims examiner to ensure that he was correct in ruling that the original filing did not toll the statute of limitations.

Upon receipt of James' request for review, the Commission sent a form Notice of Receipt of Application for Review dated April 26, 1982. That form notice suggested that a hearing would be scheduled. But before any hearing was scheduled, the full Commission, by order dated May 5, 1982, agreed with its claims examiner and ruled that James' refiled claim was barred by the statute of limitations. In rejecting James' claim, the Commission specifically addressed James' contention that his April 6, 1979 filing tolled the statute of limitations:

> [I]t appearing that the application of April 5, 1982 was filed more than two years after the date of illness, and it further appearing to the Commission that the original application of April 6, 1979 which was subsequently withdrawn does not toll the statute of limitations so that the Commission is without jurisdiction in the case, it is
> ORDERED that the claimant's application dated March 30, 1982 and filed in the Commission on April 5, 1982, be, and it hereby is, dismissed, and the case stricken from the docket.

After receipt of the May 5, 1982 order, James' counsel filed a Motion for Reconsideration. Again, in this motion as in the other papers filed with the Commission, no mention was made of any new reason why the statute of limitations might not bar James' claim. The gravamen of the motion was that the failure to provide James a hearing on the jurisdictional question violated James' right to due process. The Commission denied the motion and this appeal followed.

Much of James' argument on this appeal centers on what he claims he would have established had the Commission held a hearing. He contends here, for the first time, that he had an additional position that was not raised in any of his written communications with the Commission and that this additional position would have established that the statute of limitations did not bar his claim. For at least two reasons, James' tactic must be rejected.

First, in countless opinions we have said that we will not, except in extraordinary circumstances which do not obtain in this case, consider matters raised for the first time on appeal. Rule 5:21. In this case, while James preserved error on the issue of whether his claim could be rejected without a hearing, he cannot

have that issue resolved against the backdrop of a hypothetical set of facts that was never presented to the Commission.

Second, although we acknowledge that the Commission has no formal pleadings and that it employs procedures that are designed to ensure maximum flexibility in handling claims filed by individuals who often act without benefit of counsel, this does not mean that a claimant cannot be bound by a position he advances in writing to the Commission with the assistance of counsel. In this case, James had the advice of counsel when he withdrew his first claim and when he tried to refile that claim. The position he contends he would have advanced at a hearing was fully available to him at the time he refiled, and should have been known to his counsel. Under the circumstances, James is bound by the position he advanced, with assistance of counsel, in all his communications with the Commission.

Therefore, the only facts before us on this appeal are that in April 1979 James filed a claim based on an August 1978 diagnosis of hypertension; that he withdrew the April 1979 claim in May 1979; and that he refiled his claim in April 1982. These facts raise a question of law concerning the Commission's jurisdiction.

James contends that Code §§ 65.1-94, -96, and Rule 1 of the Commission require an evidentiary hearing even with respect to whether the Commission has jurisdiction over a matter. James is wrong in this contention because the Commission's jurisdiction, when raised as a threshold question, must be determined *before* the Code sections and the rule cited by James come into play. Put another way, the Code provisions and rules do not begin to operate until jurisdiction attaches. As the Supreme Court of North Carolina said in *Letterlough* v. *Atkins*, 258 N.C. 166, 128 S.E.2d 215 (1962), where it remanded a case to that state's Industrial Commission so the commission could decide whether it had jurisdiction: "In every proceeding before the Commission *determination of jurisdiction is the first order of business.*" 258 N.C. at 168, 128 S.E.2d at 217 (emphasis added). In this case, the Commission made "first things first" and ruled on its jurisdiction as a threshold matter. The Commission was correct in its approach.

James' contention that the Commission violated due process by disposing of his case without an evidentiary hearing is also without merit. Procedural due process has been said to require that before an individual is deprived of any significant property interest he be granted an opportunity, at a meaningful time in a

meaningful manner, for a hearing appropriate to the nature of his case. *Boddie* v. *Connecticut*, 401 U.S. 371, 378 (1971). Here we are not required to and therefore do not decide whether James had a significant property interest in securing worker's compensation benefits. We are of the view that whether or not James had a property interest he received, at a meaningful time and in a meaningful manner, a hearing appropriate to the nature of his case, because the only question to be resolved was one of law. ·

Where a question of law is all that needs to be resolved it has often been held that the requirements of procedural due process are met where the party seeking review has the opportunity to state his views in writing. Such was the case in *Pan American Petroleum Corporation* v. *Federal Power Commission*, 322 F.2d 999 (D.C. Cir.), *cert. denied*, 375 U.S. 941 (1963), where the petitioner claimed that its due process rights were violated when the FPC resolved a question of law without a hearing. There, the D. C. Circuit said "[t]he requirements of procedural due process were satisfied by the opportunity to submit written evidence and written argument." 322 F.2d at 1005. To the same effect is *Mississippi River Fuel Corp.* v. *Federal Power Commission*, 281 F.2d 919 (D.C. Cir. 1960), *cert. denied*, 365 U.S. 827 (1961), where the petitioner claimed that it was denied due process because it did not receive an opportunity to make oral argument. The Court of Appeals rejected that argument, finding that under the circumstances there was "no need for an evidentiary hearing." 281 F.2d at 927. The appeals court said the only question raised was one of law and that the petitioner's "interpretation was plainly stated in its letter to the Commission, and later in briefs submitted on its petition for rehearing." *Id.* Thus, in the view of the Court of Appeals:

> The issue was clearly and fully stated and no questions of fact were presented. In essence, all petitioner lost was the privilege of making an oral argument to the Commission. This does not amount to a deprivation of due process. . . .

281 F.2d at 927. The same reasoning applies here. All James lost was the chance to restate that which was already adequately stated in his letter and other written communications to the Commission.

Based on the foregoing, we will affirm the Commission's decision.

*Affirmed.*