## Alexandria

BABY DOE

v.

JOHN and MARY DOE and RICHARD and JANE ROE

No. 1898-91-4

Decided October 6, 1992

COUNSEL

Thierry Barston, for appellant.

Matthew L. Myers (Asbill, Junkin & Myers; Lisa B. Kemler; Moffitt, Zwerling & Kemler, on briefs), for appellees.

OPINION

**BRAY, J.**—The guardian *ad litem* (guardian) for an infant (hereinafter referred to as Baby Doe) appeals an order of the circuit court which terminated the infant's relationship with her birth mother, Jane Roe (Jane), declared John and Mary Doe (John and Mary) the child's genetic parents and directed the Virginia Registrar of Vital Records (Registrar) to issue an original birth certificate consistent with this ruling. The guardian appeals, contending that (1) the trial court abused its discretion in denying her motion for a continuance, (2) the cause was not justiciable under Code § 8.01-184, and (3) the trial court lacked the jurisdiction necessary to terminate the relationship between Jane and Baby Doe.

The record discloses that Baby Doe was born to Jane on July 31, 1991. The birth followed the in vitro fertilization of an ovum from Mary with the semen of her husband, John, implanted into the uterus of Jane at the Genetics and IVF Institute (institute). This arrangement was in accordance with the terms of a written agreement between John and Mary and Jane and her husband, Richard (Richard), and no dispute exists between these parties.

Nevertheless, seeking a judicial determination of the respective rights of all parties in interest, John and Mary filed a ''Bill of Complaint for Declaratory Judgment'' on August 2, 1991, which requested the court to (i) declare them the ''lawful parents'' of Baby Doe, (ii) terminate the parental rights of Jane and Richard, and (iii) order the Registrar to issue an appropriate Certificate of Birth. Jane and Richard responded and consented to the proposed relief, while the Registrar, acting through the Attorney General, expressed no position on the merits of the suit.[1] The guardian, however, denied the allegations that Baby Doe was ''not the biological child of Jane'' and that ''DNA testing'' had ''conclusively establish[ed] [a] genetic . . . link between'' the infant and John and Mary.

John and Mary immediately requested ''an expedited hearing'' to resolve the ''legal status'' of the child and facilitate the issuance of a birth certificate. The guardian objected, claiming an inadequate opportunity to prepare for trial, and moved for a continuance. The trial court overruled this motion and heard the case on August 6, 1991, four days after institution of the action.[2] During the hearing, Dr. Daniel B. Demers (Demers), ''director of the identity testing laboratory'' at the institute, testified that ''DNA testing'' of the appropriate parties had confirmed, ''[w]ithout a doubt,'' that John and Mary were ''the biological parents'' of Baby Doe. The court found this, and the other uncontradicted evidence, ''clear and convincing'' that John and Mary were Baby Doe's ''biological and genetic parents'' and ordered the Registrar to ''record John and Mary Doe as the true and lawful parents

---

[1] In a ''Memorandum of Law'' filed with the court, the Registrar did, however, urge the court to ''review the evidence'' and determine parentage pursuant to Code §§ 20-49.1 to 20-49.4.

[2] Subsequent motions by the guardian to vacate the order and rehear the matter were also overruled by the trial court.

of Baby Doe on [the] Birth Certificate," thus terminating Jane and Richard's "traditional parental rights."[3]

We first address the guardian's contention that the trial court abused its discretion when it overruled her motion for a continuance. She argues that, without "time to investigate the matter" and properly prepare for trial, Baby Doe was denied her basic due process right to be heard in a proceeding of critical importance to the infant. U.S. Const. amend. XIV; Va. Const. art. I, § 11.

■ Code § 8.01-9(A) requires a guardian *ad litem* to "faithfully represent the estate or other interest of the person under a disability for whom he is appointed," and imposes the "duty" upon the court to "see that [such] interest . . . is so represented and protected." "The courts of the Commonwealth have a long history of protecting the interests of minor children," and this statute only further assures that their "rights and interests" are "safeguarded." *Commonwealth ex rel. Gray v. Johnson*, 7 Va. App. 614, 623, 376 S.E.2d 787, 792 (1989).

■ Guardians must represent infants "earnestly and vigorously and not merely in a perfunctory manner." *Norfolk Div. of Social Servs. v. Unknown Father*, 2 Va. App. 420, 425 n.5, 345 S.E.2d 533, 536 n.5 (1986); *see also Stanley v. Fairfax County Dep't of Social Servs.*, 10 Va. App. 596, 603, 395 S.E.2d 199, 203 (1990), *aff'd*, 242 Va. 60, 405 S.E.2d 621 (1991); *Ruffin v. Commonwealth*, 10 Va. App. 488, 494, 393 S.E.2d 425, 429 (1990). To discharge this responsibility properly, a guardian is expected to "investigate thoroughly" and "carefully examine [] the facts surrounding the case." *Ruffin*, 10 Va. App. at 495, 393 S.E.2d at 429. Inadequate representation of an infant is tantamount to no representation and may deny a child "his or her day in court, and the fundamental due process right to be heard." *Gray*, 7 Va. App. at 623, 376 S.E.2d at 791.

In the case at bar, the guardian was confronted with unusual circumstances which involved issues of great importance to her infant charge. By requesting a continuance, the guardian sought only a reasonable opportunity to undertake a "bona fide examination of the facts," *Unknown Father*, 2 Va. App. at 425 n.5, 345 S.E.2d at 536 n.5,

---

[3] "The parent and child relationship between a child and woman *may* be established *prima facie* by proof of her having given birth to the child . . ." (emphasis added). Code § 20-49.1(A). *See* Code § 32.1-249. However, the relationship may be proven by other means and need not be terminated between the child and the birth mother if another is determined to be the parent.

properly prepare Baby Doe's case and otherwise "conscientiously fulfill[] the duties [of her] appointment," *Id.* at 428, 345 S.E.2d at 537.

 Generally, continuances rest "within the sound discretion of a trial court, and its ruling will not be disturbed on appeal unless it is plainly wrong." *Lomax v. Commonwealth*, 228 Va. 168, 172, 319 S.E.2d 763, 765 (1984). However, in a criminal case, an accused must not be denied a "fair and impartial trial" or deprived of the constitutional right " 'to call for evidence in his favor' " by the exercise of this discretion. *Id.* Similarly, in a civil case, a trial court shall not deny a continuance, if, to do so, " 'seriously imperil[s] the just determination of the cause.' " *Mills v. Mills*, 232 Va. 94, 96, 348 S.E.2d 250, 252 (1986) (quoting *Myers v. Trice*, 86 Va. 835, 842, 11 S.E. 428, 430 (1890)). The summary proceedings in this instance so prejudiced and impaired Baby Doe's due process rights that the resulting order must be reversed. *Venable v. Venable*, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986).

Because this matter is remanded, we will consider the guardian's contention that the cause presented no "actual controversy" and, thus, failed to comply with Code § 8.01-184, the declaratory judgment statute. The assumption of jurisdiction in declaratory judgment is a matter that rests with the sound discretion of the trial court. *Chaffinch v. C&P Tel. Co.*, 227 Va. 68, 72, 313 S.E.2d 376, 378 (1984). The existence of a controversy "is a question of fact," that "may be shown by the pleadings." *Yukon Pocahontas Coal Co. v. Ratliff*, 175 Va. 366, 368, 8 S.E.2d 303, 304 (1940). The record discloses that the guardian's "[a]nswer" denied material allegations in the Bill of Complaint, creating the spectre of an "actual controversy" in satisfaction of the statutory requirement. Under such circumstances, the trial court properly entertained the suit.

 The guardian further complains that the suit omitted necessary parties defendant. However, this argument was not asserted before the trial court, and "the parties . . . must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions." *Gardner v. Commonwealth*, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986); Rule 5A:18. An issue not in dispute before the trial court will not be considered for the first time on appeal. Rule 5A:18; *Jacques v. Commonwealth*, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991). Thus, we are now precluded from reviewing this question.

■ Lastly, the guardian asserts that the trial court lacked the "subject matter jurisdiction" necessary to terminate Baby Doe's parental relationship with her birth mother. The Bill of Complaint, however, requested "a declaratory judgment as to the maternity and paternity of Defendant Baby Doe," "pursuant to §§ 20-49.2 and 8.01-184." Code § 20-49.2 provides that the "determination of parentage, when raised in *any* proceeding, shall be governed by [Code §§ 20-49.1 to 20-49.8, Proceedings to Determine Parentage]," and empowers circuit courts with "concurrent original jurisdiction of cases arising under this chapter." (emphasis added). Manifestly, the trial court was not divested of this authority simply because the issue was presented through a declaratory judgment action.

We recognize that the General Assembly recently enacted Code §§ 20-156 through 20-165 to address the status of children born as a result of surrogacy contracts, as well as related issues. However, the effective date of legislation is July 1, 1993, and Code § 20-49.2 remains an appropriate vehicle in these circumstances to resolve parentage of children conceived before that date.

Accordingly, the decision of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Reversed and remanded.*

Barrow, J., and Duff, J.,* concurred.

---

* Judge Duff participated in the hearing and decision of this case prior to the effective date of his retirement on September 1, 1992 and thereafter by designation pursuant to Code §17-116.01.