COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia


GEORGIA-PACIFIC CORPORATION

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0123-98-1          JUDGE ROSEMARIE ANNUNZIATA
                                          AUGUST 4, 1998
RICKY A. DAVIS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  Cecil H. Creasey, Jr. (Sands, Anderson,
                  Marks & Miller, on brief), for appellant.

                  William R. Keown (Beddow, Marley, Trexler &
                  Fitzhugh, on brief), for appellee.



        Georgia-Pacific Corporation (employer) appeals the

affirmation of the deputy commissioner's award to Ricky Davis

(claimant) by the Workers' Compensation Commission.  Employer

contends that the deputy commissioner erred in refusing its

request for a continuance, and in awarding continuing temporary

total disability payments.

        Prior to his injury, claimant drove a truck for employer,

and earned an average weekly wage of $384.  He was required to

stop up to ten times per shift and lift a tarpaulin over the bed

of the truck.  On October 25, 1990, claimant sustained a back

injury in an accident while working for the employer.  As a

result of his injury, claimant received various periods of

disability benefits.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On May 7, 1996, claimant filed a change in condition application requesting temporary total disability benefits for the period of March 24 through 28, 1996. Employer voluntarily paid the benefits. Claimant filed an amendment to his application on June 18, 1996 requesting temporary total disability (TTD) benefits from April 19, 1996 through present and continuing thereafter. Claimant again amended his application on August 12, 1996 to include a claim for temporary partial disability (TPD) benefits from June 8 to present and continuing thereafter.

On October 25, 1996, a claims examiner for the Commonwealth requested employer to submit its position regarding the amended claims. Employer replied on December 5 that it had been trying to obtain information and was awaiting the appointment of new counsel for Davis. After receiving the letter from employer, the claims examiner informed employer and claimant that the commission was ready to proceed with the hearing upon receipt of sufficient medical evidence.

Employer requested the production of documents and interrogatories on January 20, 1997. In a letter dated February 13, employer moved to dismiss for failure to comply with discovery, moved to compel discovery, and requested a continuance. Claimant responded that he had only received the discovery requests on February 14, and opposed the continuance. On February 19, the deputy commissioner denied the motion to

dismiss and continuance, but granted the motion to compel discovery.

On February 25, 1997, claimant again amended his application, requesting TTD benefits for the period April 19 through April 23, 1996 and permanent partial disability (PPD) benefits from April 24 to present and continuing. Employer received the February 25th amendment and discovery responses on February 28th. Citing prejudice due to the delay in discovery, employer requested a continuance. Claimant again amended his application on March 3, claiming TTD benefits for the period April 19 through June 2, 1996 and TPD benefits from June 3, 1996 to present and continuing.

On March 3, 1997, after receiving both employer's request for continuance and claimant's most recent amendment, the deputy commissioner denied employer's request for a continuance. The deputy commissioner noted that the benefits claimant sought under the most recent amendment were essentially the same as those sought in the original May 7, 1996 petition, as amended on June 11, 1996, and August 12, 1996. The deputy commissioner also cited employer's delay in beginning discovery as a basis for denying the continuance. The hearing took place as scheduled on March 5, 1997.

The deputy commissioner found that claimant had made an adequate effort to market his remaining work capacity, as he had found adequate employment, although at less than his preinjury

wage, and was continuing to look for work at higher wages. The deputy commissioner awarded claimant TTD benefits through June 2, 1996, TPD benefits for various periods between June 3, 1996 and the hearing, based on the wages at each job, and continuing TPD benefits based on claimant's current employment.

On review, the commission held that the deputy commissioner erred in finding that employer had delayed in beginning discovery, and abused his discretion in failing to grant a continuance. The commission held, however, that employer was not prejudiced by the failure to grant a continuance because employer knew the substance of the claim since June 1996, claimant testified credibly to his efforts at finding employment, and claimant introduced objective verification of his employment. The commission affirmed the deputy commissioner's finding that claimant had continuing disability related to his compensable injury. The commission also affirmed the deputy commissioner's finding that claimant had sufficiently marketed his residual work capacity, and further found that claimant's progression of employment showed that he had fully marketed his remaining capacity although he had not yet found work at his preinjury wage.

I.

Due Process

Employer asserts that by denying its request for a continuance, the deputy commissioner violated its right to due

4

process.

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection. The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance, . . . [b]ut if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied."

Oak Hill Nursing Home, Inc. v. Back, 221 Va. 411, 417, 270 S.E.2d 723, 726 (1980) (quoting Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314-15 (1950)). "'Procedural due process has been said to require that before an individual is deprived of any significant property interest he be granted an opportunity, at a meaningful time in a meaningful manner, for a hearing appropriate to the nature of the case.'" Williams v. Virginia Elec. & Power Co., 18 Va. App. 569, 576-77, 445 S.E.2d 693, 698 (quoting James v. Arlington Bd. of Supervisors, 226 Va. 284, 289-90, 307 S.E.2d 900, 903 (1983)). While the requirements in administrative proceedings may be more relaxed, "the commission must use procedures that 'afford the parties minimal due process safeguards.'" WLR Foods, Inc. v. Cardosa, 26 Va. App. 220, 227, 494 S.E.2d 147, 150 (1997) (quoting Sergio's Pizza v. Soncini, 1 Va. App. 370, 376, 339 S.E.2d 204, 207 (1986)).

On January 20, 1997, employer propounded discovery requests

to claimant; claimant did not respond by the February 10 due date. The commissioner granted a motion to compel discovery on February 19, 1997, and ordered that claimant respond within ten days. Claimant filed his discovery responses on February 28, 1997. Thus, employer had the discovery responses two working days prior to the March 5, 1997 hearing. The commission held that the deputy commissioner abused his discretion in failing to grant a continuance to allow employer to more fully examine the responses.

A limited period in which to examine the responses to discovery does not, in itself, constitute a violation of due process. In the context of an amendment of a claim at a hearing or on review, employer must show that it was prejudiced by the commission's action in order to show a violation of due process. See, e.g., Cardosa, 26 Va. App. at 227-28, 494 S.E.2d at 150-51 (citing cases). A litigant must also demonstrate prejudice to establish a violation of due process from the denial of a continuance. See Doe v. Doe, 15 Va. App. 242, 245-46, 421 S.E.2d 913, 915-16 (1992) (finding prejudice to party's due process rights from failure to grant a continuance); Moreno v. Commonwealth, 10 Va. App. 408, 419, 392 S.E.2d 836, 843-44 (1990) (holding that failure to grant a longer continuance following late discovery disclosure did not violate defendant's due process rights because asserted prejudice was "conjectural"). We conclude, therefore, that employer must show prejudice from the

6

deputy commissioner's denial of the continuance in order to demonstrate its due process rights were violated.

Although employer propounds several scenarios evincing prejudice, the record does not support its assertions. Employer made no attempt to demonstrate after the hearing that, if the deputy commissioner had granted a continuance, the delay would have yielded additional evidence. Employer does not allege that additional evidence existed, but merely states that it would have had additional time to look for evidence if the deputy commissioner had granted a continuance. Employer's unsubstantiated, hypothetical scenarios fail to demonstrate that it was prejudiced by the deputy commissioner's failure to grant a continuance. We therefore hold that the deputy commissioner did not deny appellant due process, and affirm the decision of the commission on this issue.

## II.

## Continuing TPD Benefits

Employer contends that the commission erred in affirming the deputy commissioner's award of continuing TPD benefits. Specifically, employer argues that the commission erred in affirming the deputy commissioner's findings that claimant possessed a continuing disability and that claimant had fully marketed his remaining work capacity. We view the evidence in the light most favorable to claimant, the party prevailing in the commission. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App.

211, 212, 390 S.E.2d 788, 788 (1990) (citing <u>Crisp v. Brown's Tysons Corner Dodge, Inc.</u>, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986)).

The standard of review applicable to the commission's findings of fact was succinctly stated in <u>Ford Motor Co. v. Hunt</u>, 26 Va. App. 231, 236, 494 S.E.2d 152, 154-55 (1997) (quoting <u>Caskey v. Dan River Mills, Inc.</u>, 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983)):

> "We do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses. If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact."

The commission's interpretation of medical evidence, as well as the commission's finding of reasonable marketing of remaining work capacity, are reviewed under this standard. <u>Ford</u>, 26 Va. App. at 236, 239, 494 S.E.2d at 155-56 (citing <u>Ohio Valley Constr. Co. v. Jackson</u>, 230 Va. 56, 59, 334 S.E.2d 554, 556 (1985)).

A.

Continuing Disability

Employer argues that the evidence does not support the commission's finding of continuing disability. We hold that the evidence supports the commission's finding that claimant suffered from a continuing disability.

On March 3, 1996, claimant's physician, Dr. Mark deBlois, noted that claimant "is capable of working, but the question is going to be at what level he can actually function [because] [i]t sounds like heavy duty might not be possible."  On April 23, 1996, deBlois concluded that "at this point we've tried to get [claimant] back to work and I don't think he can do it."  He continued, "I think he [is] capable of a light work category, but he won't be able to drive significant distances."  Claimant's last visit to deBlois occurred on September 12, 1996.  In his notes of the visit, deBlois stated that claimant continued to have trouble driving, and there is no new injury causing the back pain.  DeBlois recommended that employer retrain claimant for another position, from which the commission could reasonably infer that claimant was permanently unable to perform his driving duties.  Approximately one week before the hearing, in a letter dated February 27, 1997, deBlois stated that "[b]ased on [claimant's] history and physical exam, I would rate him as a Category 2 Permanent/Partial Disability . . . which would equate to a 5 percent permanent/partial disability."  This evidence supports the finding of the commission.

Employer's arguments that the commission applied a presumption of continuing disability and that the commission excused claimant from his burden of proof are without merit.  The opinions of the deputy commissioner and commission contain no such presumption, and the evidence supports the commission's

9

decision on the facts without the employment of any presumption. Similarly, employer's argument under Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 655-56 (1922), is misplaced. The evidence fully supports the decision of the commission, and the commission did not impermissibly allow claimant to rise above his own testimony.

Marketing of Remaining Work Capacity

Employer contends that claimant unreasonably limited his job search, and failed to prove that he was earning the wages he was capable of earning. We disagree, and hold that the commission's finding that claimant had reasonably marketed his remaining work capacity is supported by the evidence.

"In order to continue to receive benefits under the Workers' Compensation Act, a claimant who has been injured in a job-related accident must market his remaining capacity to work." Herbert Bros. v. Jenkins, 14 Va. App. 715, 717, 419 S.E.2d 283, 284 (1992) (citing, inter alia, National Linen Serv. v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989)). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." Greif Companies (GENESCO) v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). We have explained relevant factors in the determination of whether a marketing effort is reasonable:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen, 8 Va. App. at 272, 380 S.E.2d at 34. "[T]he mere fact that the employee obtained a new job, where the pay is

11

substantially less than that received at the old job, is, standing alone, insufficient proof of making a reasonable effort to market one's remaining work capacity." Id. at 268, 380 S.E.2d at 32.

The only training claimant acquired beyond high school was attending Virginia Tractor Trailer Training School, and he can no longer use that training because of his back injury. Since employer terminated claimant, claimant has interviewed for seventeen positions. Following his tenure with employer as a truck driver, claimant held jobs with three different organizations. Claimant worked as a stock clerk at Food Lion between June 3 and June 15, 1996, at $5.50 per hour. Claimant worked for TCB Grounds Management between June 17 and November 1, 1996 at $5.50-$5.75 per hour. Claimant began to work for his current employer, Chesterfield County, as a grounds maintenance worker on November 4, 1996, at $6.59 per hour. On February 8, 1997, claimant began working as an equipment operator at $8.01 per hour.

Each of claimant's positions has paid a progressively higher wage. At claimant's current place of employment, he has received a promotion, and is working at his highest wage level since working for employer. The evidence supports the finding of the commission that appellant reasonably marketed his remaining work capacity.

Affirmed.

12