COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


WALTER EVERETT CHILDRESS

MEMORANDUM OPINION* BY
v.    Record No. 1240-00-3        JUDGE ROBERT P. FRANK
                                      JANUARY 16, 2001

APPALACHIAN POWER COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Walter E. Childress, pro se.

Richard D. Lucas (Carter, Brown & Osborne,
P.C., on brief), for appellee.


Walter Everett Childress (claimant) appeals the decision of

the Workers' Compensation Commission to dismiss his request for

review.  On appeal, he contends the commission:  1) denied him

due process of law by not permitting a hearing on his

application for hearing filed on February 8, 2000; 2) denied him

due process of law by not permitting him to conduct discovery

after he filed his application for hearing on February 8, 2000;

3) abused its discretion in ruling that he is not entitled to a

twenty percent penalty from employer despite employer's error in

mailing his compensation benefits to the wrong address and that

the commission erred as a matter of law in reaching that

determination; and 4) abused its discretion in ruling he is not

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

entitled to a twenty percent penalty from employer despite the employer's error in waiting more than fourteen days after the entry of an order by this Court before mailing his compensation benefits and that the commission erred as a matter of law in reaching that determination. We disagree and affirm the ruling of the commission.

## I. BACKGROUND

Claimant was employed by employer on January 27, 1985, when he suffered a compensable injury to his back. On January 4, 1995, employer filed an application for hearing. The application was heard by a deputy commissioner on April 9, 1997. The full commission upheld the deputy commissioner's ruling in part and reversed in part. Claimant appealed the commission's decision to this Court and employer assigned cross-error. On December 22, 1998, this Court issued an opinion affirming the commission's opinion in part and reversing the commission's opinion in part. Claimant petitioned for a rehearing before the three-judge panel and for a rehearing en banc.

Employer maintained it mailed claimant a benefit check on January 5, 1999, after reviewing the opinion released by this Court on December 22, 1998. Claimant alleged employer did not mail the check until January 7, 1999, which violated the fourteen-day period permitted for payment pursuant to Code § 65.2-524.

-

Claimant's petitions for rehearing by the three-judge panel and rehearing en banc were denied by this Court on January 29, 1999. Claimant filed a petition of appeal to the Supreme Court on February 26, 1999. The Supreme Court dismissed the petition of appeal on June 22, 1999. This Court returned its mandate to the commission on June 23, 1999. The commission entered this Court's mandate on June 29, 1999.

On February 9, 1999, claimant, by counsel, requested that the commission assess a twenty percent penalty on employer for failure to pay claimant in a timely manner following the opinion issued by this Court on December 22, 1998. On February 8, 2000, claimant filed an application for hearing with the commission for a hearing on the twenty percent penalty. On March 1, 2000, a claims examiner for the commission declined to entertain claimant's request for the twenty percent penalty. Claimant filed a request for review, which was denied by the commission, by opinion, on April 25, 2000. Claimant then filed the current appeal with this Court.

## II. ANALYSIS

We first address claimant's contention that the commission erred in ruling he is not entitled to a twenty percent penalty from employer despite employer's error in waiting more than fourteen days after entry of the December 22, 1998 order by this Court before mailing claimant's compensation benefits. We disagree.

-

Code § 65.2-524 states:

> If any payment is not paid within two weeks after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty percent thereof, unless the Commission finds that any required payment has been made as promptly as practicable and (i) there is good cause outside the control of the employer for the delay or (ii) in the case of a self-insured employer, the employer has issued the required payment to the employee as a part of the next regular payroll after the payment becomes due. No such penalty shall be added, however, to any payment made within two weeks after the expiration of (i) the period in which Commission review may be requested pursuant to § 65.2-705 or (ii) the period in which a notice of appeal may be filed pursuant to § 65.2-706. No penalty shall be assessed against the Commonwealth when the Commonwealth has issued a regular payroll check to the employee in lieu of compensation covering the period of disability.

Code § 65.2-706(C) states:

> Cases so appealed shall be placed upon the privileged docket of the Court of Appeals and be heard at the next ensuing term thereof. In case of an appeal from the decision of the Commission to the Court of Appeals, or from the decision of the Court of Appeals to the Supreme Court, the appeal shall operate as a suspension of the award and no employer shall be required to make payment of the award involved in the appeal until the questions at issue therein shall have been fully determined in accordance with the provisions of this title.

Therefore, Code § 65.2-706(C) operates to suspend the fourteen-day period set forth in Code § 65.2-524 until the issues in the appeal have been "fully determined."

-

While employer argues it mailed the benefit check on January 5, 1999, and claimant argues the check was not mailed until January 7, 1999, this factual determination is not relevant to the legal question of whether the issues on appeal have been "fully determined" pursuant to Code § 65.2-706(C).

Employer argues the issues in an appeal have not been "fully determined" until the mandate of this Court is entered by the Clerk of the Commission in the commission's order book. However, we need not address employer's contention because, for the purposes of this opinion, the earliest date that this Court could have issued a mandate, which would have fully determined the issues on appeal, was January 29, 1999, when this Court denied claimant's petitions for rehearing. Therefore, the earliest date on which employer would have been required to make payment to claimant was fourteen days after January 29, 1999. Clearly, by mailing the benefit check either on January 5, 1999 or January 7, 1999, employer was early in its payment to claimant and no penalty applied.

Claimant next contends he was denied due process because the commission did not hold a hearing on his request for the twenty percent penalty against employer. We disagree.

"Where a question of law is all that needs to be resolved it has often been held that the requirements of procedural due process are met where the party seeking review has the opportunity to state his views in writing." James v. Arlington

-

County Bd. of Supervisors, 226 Va. 284, 290, 307 S.E.2d 900, 903 (1983).  In James, the Supreme Court adopted the reasoning of a federal case, Pan American Petroleum Corporation v. Federal Power Commission, 322 F.2d 999 (D.C.Cir. 1963), where the petitioner claimed it was denied due process because the Federal Power Commission resolved a question of law without holding a hearing.  226 Va. at 290, 307 S.E.2d at 903.  The Supreme Court relied on the federal court's reasoning that "'[t]he requirements of procedural due process were satisfied by the opportunity to submit written evidence and written argument.'"  Id. (quoting Pan American Petroleum Corp., 322 F.2d at 1005).  The Supreme Court also cited another federal case, Mississippi River Fuel Corp. v. Federal Power Commission, 281 F.2d 919 (D.C.Cir. 1960), where the petitioner "claimed that it was denied due process because it did not receive an opportunity to make oral argument."  James, 226 Va. at 290, 307 S.E.2d at 903.  The Supreme Court noted that the federal court did not find the petitioner's argument persuasive and reasoned that because the issue before the court was a question of law, oral argument was not necessary.  Id.  In explaining the holding in Mississippi River Fuel Corp., the Supreme Court wrote that "the petitioner's 'interpretation was plainly stated in its letter to the Commission, and later in briefs submitted on its petition for rehearing.'"  Id.

-

In this case, the issue before the commission was whether the questions at issue in the case were "fully determined" pursuant to Code § 65.2-706 so as to make payment due. This question was one of law independent of any factual finding. Claimant filed a request for review after receiving the letter from the claims examiner and filed a sixteen-page brief and eleven exhibits arguing his position that the twenty percent penalty should be assessed against employer. The commission addressed each of claimant's arguments in an opinion and dismissed claimant's petition for review.

We find that because the issue before the commission was a matter of law, the commission did not deny claimant due process by not affording him the opportunity for oral argument.

Claimant next argues he was denied due process of law because the commission did not permit him to conduct discovery after filing his application for hearing on February 8, 2000. We disagree.

"[D]iscovery enables 'one party to search the conscience of his antagonist, and to compel him to make disclosures upon oath of facts necessary to the preservation of the rights of the former, which he otherwise might not be able to prove.'" Johnson v. Mundy, 123 Va. 730, 744, 97 S.E. 564, 568 (1918) (citation omitted).

In this case, the issue before the commission was a question of law, not one of fact. Therefore, there was no

-

reason for the commission to grant discovery to claimant as discovery is for the collection of facts. We, therefore, find the commission did not deny claimant due process of law in not permitting him to conduct discovery.

Claimant next contends the commission erred in ruling he is not entitled to a twenty percent penalty from employer despite employer's error in mailing his compensation benefits to the incorrect address. We again disagree. Because claimant acknowledged he received the first payment from employer on January 11, 1999, we find this issue without merit.

For these reasons, we affirm the award of the commission.

<u>Affirmed.</u>

-