COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Frank and Clements

WALTER EVERETT CHILDRESS

MEMORANDUM OPINION*

v.    Record No. 1155-01-3                    PER CURIAM
                                         SEPTEMBER 18, 2001
APPALACHIAN POWER COMPANY, N/K/A
 AMERICAN ELECTRIC POWER

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Walter E. Childress, pro se, on brief).

(John C. Johnson; Frith, Anderson & Peake,
P.C., on brief), for A. Thomas Lane, Jr.

No brief for appellee.

Walter Everett Childress (claimant) contends that the

Workers' Compensation Commission (1) abused its discretion by

not requiring his attorney, A. Thomas Lane, Jr., to pay claimant

interest on costs paid to him; (2) abused its discretion by

granting claimant's attorney an award twice for the same

costs/expenses and/or attorney's fees resulting in unjust

enrichment to claimant's attorney; and (3) abused its discretion

and denied claimant due process by not allowing him an

evidentiary hearing with respect to his attorney's request for

an award of costs/expenses.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

merit.  Accordingly, we summarily affirm the commission's decision.  <u>See</u> Rule 5A:27.[1]

### Interest

In reversing the August 11, 2000 letter decision of the Chief Deputy Commissioner and vacating the January 5, 1999 award for costs, the commission found as follows:

> [T]he record establishes that the printing costs of the appendix used in the appeal of the March 23, 1998, decision of the Court of Appeals was [sic] $2,037.75.  Mr. Lane concedes, however, that the employer paid one-half of this amount, or $1,018.88.  Counsel also notes that he failed to return to the claimant $12.00 in service fees that were ultimately not required, as well as another $24.00 that had been advanced by the claimant for service costs, but which Mr. Lane did not place "in any of my accounts."
>
> The claimant requests that the Commission order Mr. Lane to return the full amount of $2,490.85 for costs that was forwarded to counsel by the employer.  However, a litigant is responsible for all of the costs of the litigation, separate from and in addition to any fee awarded by the Commission for counsel's legal services.  Here, Mr. Lane was awarded $9,500.00 in fees by the Commission in the March 23, 1998, Opinion.  That fee award was not appealed, and is final.  As for costs, the record established that the award for costs of $2,490.85 was entered as a result of counsel's error in reporting the amount due from the claimant, which error must be corrected to do full justice in this case.  Mr. Lane is entitled instead to an award of costs in the amount of $1,435.97 [$2,490.85

---

[1] We deny claimant's "Motion to Change Style of Case" filed in this Court on June 28, 2001.  This Court is not the proper forum to adjudicate any complaints claimant may have against his attorney.

- ($1,018.88 + $12.00 + $24.00) =
$1,435.97].

. . . An AWARD ORDER is hereby entered
in favor of A. Thomas Lane, Esquire, for
reimbursement of actual costs expended in
these proceedings before the Commission and
the Virginia Court of Appeals in the total
amount of $1,435.97. Payment of $2,490.85
having been remitted to Mr. Lane by the
employer from compensation due to the
claimant, Mr. Lane shall reimburse the
claimant the amount of $1,054.88 within 10
days from the date this Opinion is received.
The Commission's file included
correspondence from Mr. Lane dated July 11,
2000, indicating that counsel had forwarded
a check that day to the claimant in the
amount of $1,030.88. Such a check will
serve as partial satisfaction of our Award
Order here, leaving a remainder of $24.00 to
be remitted to the claimant in full
satisfaction of this Award Order. Mr. Lane
shall return the uncashed check in the
amount of $24.00 to the claimant to satisfy
our Award Order. The request for interest
is denied.

(Footnote omitted.)

On appeal, claimant asks this Court to vacate the

commission's April 3, 2001 opinion and enter an order awarding

him interest at the rate of nine percent on the amount of

$1,435.97 beginning January 5, 1999 and interest at the rate of

nine percent on the amount of $1,030.88 from January 5, 1999

through October 31, 2000.

As support for his claim for interest, claimant relies upon

Code §§ 8.01-382 (interest on verdict, judgment or decree in any

action at law or suit in equity), 8.3A-104 and 8.3A-112

(interest on negotiable instrument), 6.1-330.54 (judgment rate

- 3 -

of interest), 19.2-305.4 (interest on award of restitution), and 65.2-713 (sanctions against employer/insurer). However, these code sections do not require the commission to award claimant interest on an award of costs/expenses under the circumstances of this case. In addition, claimant did not raise these specific arguments before the commission and, therefore, we will not consider them on appeal. See Rule 5A:18.

Furthermore, we find no support in the Workers' Compensation Act or the case law for an award of interest under the facts of this case. The fact that claimant's attorney offered to pay interest to claimant during proceedings before the Virginia State Bar was not binding upon the commission nor relevant to its proceedings.

### Unjust Enrichment

Our review of the record does not reveal any support for claimant's assertion that his attorney was paid twice for the same costs/expenses resulting in unjust enrichment. The commission's orders awarding attorney's fees did not include any award for costs/expenses.

Moreover, claimant's attorney was not awarded and did not collect attorney's fees twice in this case. On August 1, 1997, the deputy commissioner awarded attorney's fees in the amount of $8,500 for legal services rendered. That opinion was appealed to the full commission and did not become final. Accordingly, claimant's attorney was not paid attorney's fees at that time.

On review, the commission, in its March 23, 1998 opinion, increased claimant's counsel's attorney's fees to $9,500.  After appeals to this Court, employer paid claimant's counsel's attorney's fees in the amount of $9,500.

### Due Process

"Where a question of law is all that needs to be resolved it has often been held that the requirements of procedural due process are met where the party seeking review has the opportunity to state his views in writing."  James v. Arlington Bd. of Supervisors, 226 Va. 284, 290, 307 S.E.2d 900, 903 (1983).

We find no support for claimant's argument that he was denied due process because the commission did not give him a chance to respond to his attorney's December 23, 1998 letter requesting an award of $2,490.85 for costs expended on behalf of claimant.

In his July 27, 2000 letter to the commission, claimant contested the amount of costs awarded to his attorney.  In that letter, claimant requested review of the commission's January 5, 1999 award.  The commission considered claimant's position, and ultimately vacated its January 5, 1999 opinion and awarded costs to claimant's attorney based upon the correct amount.  Claimant stated his arguments in writing to the commission on review. The issue involved a question of law.  "All [claimant] lost was the chance to restate that which was already adequately stated

in his letter and other written communication to the [Workers' Compensation] Commission." Id.

Claimant also argues that the January 5, 1999 award should be vacated due to his attorney's fraud. This argument is moot in that the commission vacated the January 5, 1999 award in its October 31, 2000 and April 3, 2001 opinions in favor of claimant. Furthermore, no evidence showed that claimant's attorney committed fraud. Rather, the evidence showed that an accounting mistake by claimant's attorney's bookkeeper on claimant's ledger caused the error in the request for costs. Once claimant's attorney became aware of the error, he remedied it by refunding the amount of $1,030.88 to claimant.

For these reasons, we affirm the commission's decision.

Affirmed.