The Industrial Commission was created by the Legislature and its authority is granted by statute. The North Carolina Industrial Commission has not been given the authority to determine the constitutionality of Legislative enactments
In State ex rel. Utilities Comm. v. Carolina Utility CustomersAssn, Inc., 336 N.C. 657, 446 S.E.2d 332 (1994), the Court addressed whether or not the Utilities Commission erred when it determined that it had no authority to declare the constitutionality of a statute. The Court held that as an administrative agency created by the legislature, the Utilities Commission did not have the authority to determine a statute's constitutionality.
The facts in State are analogous to the case at bar. The North Carolina Industrial Commission is not a court of general jurisdiction, but is also an administrative agency that executes quasi-judicial functions, and has a special or limited jurisdiction created by statute and confined by those terms and its jurisdiction may not be enlarged, extended, conferred or waived. Letterlough v. Akins, 258 N.C. 166, 128 S.E.2d 215
(1962).
The majority in the case at bar found that N.C. Gen. Stat. §97-26(b) deprived employers and their carriers of property without due process of law. However, to reach this conclusion the majority exercised authority it does not have to declare N.C. Gen. Stat. § 97-26(b) unconstitutional. The determination of the constitutionality of a legislative enactment is vested in a court of general jurisdiction. For these reasons, I respectfully dissent.
This ___ day of February, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER