BENNIE VEREEN, JUNIOR, Plaintiff v. NORTH CAROLINA DEPARTMENT OF CORRECTION, Defendant

No. COA03-1720

(Filed 15 February 2005)

**Tort Claims Act; Workers' Compensation— prisoner injured while doing work assignment—jurisdiction of Industrial Commission**

After dismissing plaintiff prisoner's action under the Tort Claims Act arising out of his injury received in the course of a North Carolina Department of Corrections work assignment, the Industrial Commission did not have jurisdiction to ex mero motu enter an order with respect to any workers' compensation claim

which plaintiff may have, and the portion of the opinion and award ordering defendant to file a Form 19 Employer's Report of Injury to Employee form is vacated, because: (1) while N.C.G.S. § 143-291 confers jurisdiction upon the Commission over plaintiff's action commenced pursuant to the Tort Claims Act, such jurisdiction is independent of the Commission's jurisdiction over claims governed by Chapter 97 of the Workers' Compensation Act; (2) N.C.G.S. § 97-10.1 and § 97-13(c) provide that workers' compensation is the exclusive remedy for prisoners working for the State; and (3) N.C.G.S. § 97-13(c) provides that a prisoner such as plaintiff may not file a workers' compensation claim until after he is released from prison provided he is still suffering disability as a result of the accident, and only upon plaintiff's release can it be determined if plaintiff is entitled to workers' compensation.

Appeal by defendant from opinion and award entered 15 July 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 December 2004.

*No brief for pro se plaintiff-appellee.*

*Attorney General Roy Cooper, by Associate Attorney General, Iain M. Stauffer, for the State.*

MARTIN, Chief Judge.

Defendant, the North Carolina Department of Correction, (NCDOC) appeals from an opinion and award of the North Carolina Industrial Commission. Plaintiff appeared *pro se* before the Deputy Commissioner and the Full Commission and did not file a brief in this Court.

The evidence before the Commission tended to show that plaintiff, Bennie Vereen, Jr., was incarcerated on 2 July 1997 at the Mitchell Correctional Institute (MCI). At the time plaintiff was incarcerated, he had no pre-existing back or knee problems. Plaintiff was paid one dollar a day for his work at MCI's clothing warehouse. When he arrived at work on 19 January 2000, he stepped into some cleaning solvent used to clean the floor, slipped and fell. Plaintiff experienced pain in his lower back and knee and was subsequently treated for a herniated disc at L5-S1 as well as a partially torn ACL. Despite six weeks of physical therapy, plaintiff continues to suffer symptoms and may have permanent partial disability.

Plaintiff filed a claim for damages under the Tort Claims Act, N.C. Gen. Stat. § 143-291 *et. seq.* The case was heard before the Deputy Commissioner on 30 October 2002 and a decision and order was issued dismissing plaintiff's action with prejudice. Upon appeal to the Full Commission, the Commission concluded that because plaintiff was injured in the course of a NCDOC work assignment while a prisoner, the exclusive remedy for his injury was the Workers' Compensation Act and that he could file a claim for any continuing disability within one year of his release from prison. The Commission dismissed plaintiff's Tort Claims Act action with prejudice, but ordered NCDOC to file a Form 19, Employer's Report of Injury to Employee, with the Industrial Commission within 30 days from the date of the order. NCDOC appealed.

---

The sole question raised by NCDOC's appeal is whether the Commission had jurisdiction to order defendant to file a Form 19 Employer's Report of Injury to Employee. We hold that it did not and vacate such portion of the Commission's Opinion and Award.

"[T]he North Carolina Industrial Commission is not a court of general jurisdiction; the Commission is a quasi-judicial administrative board created by the legislature to administer the Workers' Compensation Act and has no authority beyond that provided by statute." *Cornell v. Western & S. Life Ins. Co.*, 162 N.C. App. 106, 108, 590 S.E.2d 294, 296 (2004). The Commission is also vested with statutory jurisdiction to determine claims brought against the State pursuant to the Tort Claims Act. N.C. Gen. Stat. § 143-291(a) (2003); *Guthrie v. State Ports Authority*, 307 N.C. 522, 535, 299 S.E.2d 618, 625 (1983).

Pursuant to N.C. Gen. Stat. § 97-10.1 and § 97-13(c), "workers' compensation is the exclusive remedy for prisoners working for the State." *Richardson v. N. C. Dept. of Correction*, 345 N.C. 128, 131, 478 S.E.2d 501, 503 (1996). N.C. Gen. Stat. § 97-13(c) provides in pertinent part:

> Whenever any prisoner assigned to the State Department of Correction shall suffer accidental injury . . . arising out of and in the course of the employment to which he had been assigned, . . . if the results of such injury continue until after the date of the lawful discharge of such prisoner to such an extent as to amount to a disability as defined in this Article, then such discharged prisoner . . . may have the benefit of this Article by apply-

ing to the Industrial Commission as any other employee; provided, such application is made within 12 months from the date of the discharge; and provided further that . . . the period of compensation shall relate to the date of his discharge rather than the date of the accident.

N.C. Gen. Stat. § 97-13(c) (2003). The statute provides that a prisoner, such as plaintiff here, may not file a workers' compensation claim until after he is released from prison, provided he is still suffering disability as a result of the accident. Only upon plaintiff's release can it be determined if plaintiff is entitled to workers' compensation under N.C. Gen. Stat. § 97-13(c). *See Horney v. Pool Co.*, 267 N.C. 521, 527, 148 S.E.2d 554, 559 (1966).

With respect to a claim for benefits under the Worker's Compensation Act, "the jurisdiction of the Commission is invoked . . . when a claim for compensation is filed," *Letterlough v. Atkins*, 258 N.C. 166, 168, 128 S.E.2d 215, 217 (1962), and the Commission "may not *ex mero motu* institute a proceeding." *Id.* While N.C. Gen. Stat. § 143-291 confers jurisdiction upon the Commission over plaintiff's action commenced pursuant to the Tort Claims Act, such jurisdiction is independent of the Commission's jurisdiction over claims governed by Chapter 97 of the General Statutes, the Workers' Compensation Act. Having dismissed plaintiff's tort claim, the Commission had no jurisdiction to *ex mero motu* enter an order with respect to any workers' compensation claim which plaintiff may have, because plaintiff cannot file such a claim until his release from custody with continuing disability resulting from his accident. Therefore, the Commission's order must be vacated. We note, however, that N.C. Gen. Stat. § 97-92(e) imposes other sanctions for an employer's failure to file the report required by N.C. Gen. Stat. § 97-92(a).

The portion of the Commission's Opinion and Award requiring defendant to file Form 19 is vacated.

Vacated.

Judges CALABRIA and GEER concur.