* * * * * * * * * * *
Based upon a review of the record, the Full Commission agrees with Commissioner Ballance that plaintiff's injury arose out of and in the course of his employment at Prison Enterprises. Regardless of whether there was a delay in x-raying the injury which aggravated the condition as plaintiff suggests, it remains that the Workers' Compensation Act is the exclusive remedy for prisoners who are injured while working. Based upon the North Carolina Supreme Court's ruling in Richardson v. N.C. Departmentof Correction, 345 N.C. 128, 478 S.E.2d 501 (1996), defendant has stated good grounds for dismissal. Accordingly, plaintiff's claim is HEREBY DISMISSED.
Pursuant to Court of Appeals decision in Vereen, the Commission has "no jurisdiction to ex mero motu enter an order with respect to any workers' compensation claim which plaintiff may have, because plaintiff cannot file such a claim until his release from custody with continuing disability from his accident." Vereen v. N.C. Department of Correction,168 N.C. App. 588, 591, 608 S.E.2d 412, 414 (2005). Accordingly, that part of the Order which directs defendant to file a Form 19 within thirty days from the date of the Order is vacated.
This the __ day of June, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER